CASE 23—ACTION TO RECOVER COMPENSATION FOR FENCING—OCT. 11.

# Owensboro & N. Ry. Co. v. Courts.

APPEAL FROM LOGAN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

RAILROADS—DIVISION FENCES—COMPENSATION FOR FENCING.

Held: 1. Under Ky. Stats. secs. 1784, 1789, railroad companies are on the same footing as other land-holders as to division fences; and a land owner who has erected a division fence between his land and a railroad is not limited to the institution of the penal proceedings provided for by Kentucky Statutes, sec. 1791, but may sue the railroad company and recover one-half the cost of such division fence.

2. Where a deed to a railroad company makes no mention of fencing, it can not be assumed that the vendor received compensation for fencing.

3. The testimony of a witness that commissioners appointed to secure rights of way for a railroad company generally took into consideration every element of damage to the land, and that the price paid to plaintiff was largely in excess of the value of the land conveyed, is not sufficient to show that plaintiff received compensation for fencing.

WILBUR F. BROWDER, ATTORNEY FOR APPELLANT, H. W. BRUCE. WALKER D. HINES, EDWARD W. HINES, & J. CALDWELL BROWDER OF COUNSEL.

The grounds upon which this court are asked to hold the judgment of the lower court erroneous, are three-fold:

Owensboro & N. Ry. Co. v. Courts.

1. The court erred in overruling appellant's demurrer to the Petition.
2. The court erred in directing the jury to find for the plaintiff.
3. The court erred in refusing to direct the jury to find a verdict for the defendant.

## CASES CITED.

4 Wash., 448; Seattle, &c., R. R. Co. v. Murphine, 39 Ark., 167; sec. 17 Am. & Eng. Cas., 97; St. Louis, &c. R. Co. v. Anderson, 42 Ark., 528; Texas &c. R. Co. v. Cella, 54 Ark., 140; Newgrass v. St. Louis, &c., R. Co., 47 Ark., 330; sec. 26 Am. & Eng. R. R. Cas., 604; St. L. &c. R. Co. v. Walbrink, 64 Cal., 110; Butte Co. v. Boyston, 6 Cal., 74; Sacramento Valley R. R. Co. v. Moffatt, 74 Cal., 261; Pacific Coast R. Co. v. Porter, 2 Houst, 287 (Del.), Vandergrift v. Delaware R. Co.; 22 Ill., 221 Tonica, &c., R. Co. v. Unsicker; 14 Ill., 211, Alton, &c., R. Co. v. Baugh; 104 Ill, 345, St. Louis &c. R. Co. v. Kirby; 47 Ill. 165, St. Louis R. Co. v. Mitchell; 84 Ind. 496, Hagaman v. Moore; 59 Ind. 188, Baltimore &c. R. Co. v. Johnson; 52 Ind. 229, Baltimore R. Co., v. Lansing; 41 Ind., 263, Montmorency Gravel R. Co. v. Rock; 28 Kansas, 816, s. c; 10 Am. & Eng. R. R. Cas., 490 Leavenworth &c. R. Co. vs. Paul; 1 Bush 325 L. & N. R. Co. v. Glazebrook; (overruled but see) 135 Mass., 561 Stone v. Heath; 2 Mass., 489, Com. v. Combs; 10 Minn., 267, Winona &c. R. Co. v. Denman; 21 Minn. 122, Sherwood v. St. Paul, etc., R. Co; 11 Minn. 515, Winona R. Co. v. Waldron; 61 Miss., 631, Crowell v. N. O., etc., R. Co.; 35 N. H., 134, Mt. Wash. R. Co.'s Petition; 39 N. J. Eq. 361, N. Y., etc., R. Co. v. Stanley; 24 N. J. Law, 209, Readington T. P. Co. v. Dilley; 4 Paige (N. Y.), 553, Matter of Rensselaer R. Co.; 95 N. C. 328, Jones v. Western N. C. R. Co.; 74 N. C. 220, Raleigh, etc., R., R. Co. v. Wicker; 110 Pa. St. 436, Pittsburg, etc., R. Co. v. McCloskey; 81 Pa. St. 414, Penn. R. Co. v. Bunnell; 12 Rich. (So. Car.) Law, 504, Eddings v. Seabrook; 5 Rich. (So. Car.), Law, 428, Greenville, etc., R. Co. v. Partlow; 3 Tex. App. Civ. Cas., sec. 425, Gulf, etc., R. Co. v. Loudon; 63 Tex. 200, Houston, etc., R. Co. v. Adams; 4 Wash., 509, Seattle, etc., R. Co. v. Gilchrist; 6 Wis. 636, Robbins v. Milwaukee, etc. R. Co.; 4 Chand. (Wis.), 72, Milwaukee, etc., R. Co. v. Eble; Pearce on Railroads, 174; Kentucky Statutes, Ch., 48; 91 Ky. 175, O. & N. Ry. Co. v. Todd, Trustee; 19 Ky. Law Rep., 378, Ky. Union R. Co. v. Forkner; 86 Ky., 313, Patterson v. Commonwealth; 88 Ky., 525, Frantz, Jr., v. Jacob, &c.; 83 Ky. 20, Parish v. Ferguson; Gen. Stats., Ch. 55, Ed. 1887, p. 759 (Act of May 17, 1886). Endlich's Interp. of Stats., sec. 200, et seq; 33 Pa. St. 511, Johnson's Estate; 46 Ala. 216, Barker v. Bell; 12 Mass. 546, Bartlett v. King; 12 Allen (Mass.), 490, Com. v. Kelleher; 26 W. Va.

62, Herron v. Carson; 6 B. M. 154, Gorham v. Luckett; 2 Dana, 345, Hickman v. Littlepage; 10 Bush, 299, Broaddus v. Broaddus; Acts '91, '92, '93, p. 207, (Act of Aug. 4, 1892); 17 B. M., 179, H. & N. R. Co. v. Dickerson; 3 Met. 120, Robb v. M. & Mt. S. T. P. Co.; 8 Bush, 684, E. & P. R. Co. v. Helm; 87 Ky. 391, Asher v. L. & N. R. R. Co.; 28 Vermont, 99, Norris v. Vermont, etc., R. Co.

DRAKE & HOOKER, Attorneys for appellee.

1. The demurrer of the defendant to plaintiffs' petition was properly overruled.

2. The laws of Kentucky gives the right to a person to sue for and recover one-half of the price of a division fence built by him along the right of way of a railroad company after due notice to the company.

3. What is included in a deed of purchase to a right of way, as to fencing where the deed is silent?

4. The testimony of Dr. Bibb was incompete.

5. If the plaintiff is entitled to the sum of $200.07 sued for, is he not also entitled to interest thereon from date of payment to date of judgment? Ky Stats. secs. 1791, 1784, 1789; O. & M. R. R. Co. v. Townsend, 21 Ky. Law Rep., 997;

Opinion of the court by JUDGE BURNAM—Affirming.

The appellant is the successor of the Owensboro & Russellville Railway Company, and is the owner of all the rights, franchises, and property which formerly belonged to its predecessor. Its line of railroad runs through a tract of 250 acres of land now owned by appellee, but which at the date of the construction of appellant's line belonged to one Nathaniel Lee and wife, Sophia Lee. On the 17th day of December, 1871, Lee and wife conveyed to appellant's vendors a strip of land sixty feet wide through the tract now owned by appellee, for the sum of $1,500. The strip was purchased for a right of way, including in the aggregate four acres of land. After Lee's death the farm was sold under a judgment of the court, and appellee became the purchaser thereof, and it was conveyed to him by the master commissioner of the court by a deed

dated August 5, 1882.   All of the tract of land has been inclosed and in cultivation for many years previous to his purchase.   In 1896 appellee constructed a lawful fence on one side of the right of way through his farm, and notified appellant, as required by section 1784 of the Kentucky Statutes, to build a fence on the other side, which it failed to do for three months.  And he thereupon built the fence on the other side of the right of way at his own expense, at a cost of $200.07, and subsequently filed this suit to recover the amount so expended from appellant.   A general demurrer to the petition was overruled, and appellant filed an answer in which it admitted the facts alleged in the petition as to the erecting of the fence by appellee, but alleged by way of defense that appellee's vendor, Lee, who was the owner at the date the right was acquired, had received full compensation for the fencing, and that, under section 1796 of the Kentucky Statutes, it was under no legal obligations to pay for the fencing sued for.   The trial before a jury resulted in a verdict for appellee for the amount sued for, pursuant to peremptory instruction given to that effect, and this appeal is prosecuted for the purpose of reversing that judgment.

Appellant, in support of its contention that the original demurrer filed by it was erroneously overruled, relies upon the provisions of chapter 48 of the statutes.  Our attention is especially called to the arrangement of that chapter, and to the fact that it is divided into two general subdivisions; that, article No 1 is devoted exclusively to farm fences, and regulates the rights, duties, and liabilities of the adjacent landholders, and expressly authorizes such adjacent landholder, who has erected a fence on his portion of the line, to require the adjacent owner to do likewise, and, if he fails to do so for three months, to erect such

fence, and to institute a civil proceeding against such re-
cusant, and recover for the cost of the fence, while article
No. 2 of the chapter is devoted exclusively to railroad
fences, and the rights, duties, and liabilities of railroad com-
panies, and persons owning and operating them, on the one
hand, and the rights of the landholders whose property
binds on the right of way, on the other hand. It is ear-
nestly contended that the provisions of article No. 1 have
no application to defaulting railroads; that the only pun-
ishment provided by the statute to compel a recusant rail-
road company to build its portion of the division fence
is by penal proceedings instituted in the name of the Com-
monwealth, and the only penalty to which it can be sub-
jected is a fine, which inures to the use of the Common-
wealth; that no civil proceeding can be maintained against
it by adjacent landholders to recover money expended by
them for its benefit. The provisions of the statutes bear-
ing upon these questions are all found in chapter 48. Sec-
tion 1784 relates to the remedies which fall under the di-
vision of farm fences, and section 1789 and 1791 to those
which fall under the division of railroad fences; and, that
the provisions of these statutes may be clearly understood,
they are here copied.

"Sec. 1784.    Division Fences—When a Party is Re-
quired to Build His Portion—When Barbed Wire may be
Used—Railroad fencing.  When a division fence is desir-
able or is made necessary by the division of improved or
enclosed lands, or when no fence exists between the en-
closed or improved lands of adjoining owners, or lands
where the right of way is owned by one party, either
party may, after he has built a lawful fence on his por-
tion of the line, require the other party to erect a law-
ful fence out of planks, rails, wire, or wire and plank,

upon his portion of the line; but no barbed wire shall be used without the consent of both parties to the fence; and if he fail to do so, after three months' notice in writing, may erect such fence, and recover from the recusant the cost thereof. But the provisions of this section shall not apply where the party who erects the fence has received compensation for fencing his entire line, or where written agreements concerning the fencing have been entered into. But nothing herein shall be construed to conflict with an act requiring railroad corporations, and other persons operating and controlling railroads, and land owners to fence their right of way and railroad track, and to construct barriers and cattle guards at certain public road and highway crossings, and to maintain and keep the same in repair, and prescribing remedies for failing to do so, approved August 5, 1892, that no barbed wire shall be used by any one in the construction of a division fence, except by the consent of both parties to the fence."

"Sec. 1789. Railroad Company Required to Fence as Other Land Owners. That when any corporation, or person owning or controlling a railroad in this Commonwealth, owns right of way, and its railroad shall have been constructed and in operation for five years, the same is hereby put on equal terms with other land owners owning adjoining lands in this Commonwealth."

"Sec. 1791. That when either party, either the person owning, operating or controlling such railroad, or the owner of the lands adjoining the right of way thereof, has constructed or does construct a good and lawful fence on the division line between such right of way and the land adjoining the same for one-half the distance of said line, and the other party has not constructed such fence on said

line for half the distance thereof, nor has paid a sufficient
sum to construct such fence, or any sum by agreement in
lieu thereof, the party who has constructed such fence,
as herein provided, shall, in writing notify the party in de-
fault of the length of the division line between them, and
that he (the party serving such notice) has constructed a
good and lawful fence on said division line for one half the
distance thereof; and it shall be the duty of the person on
whom such notice is served, and he is hereby required,
to construct a good and lawful fence on the other half of
the distance of said division line, within four months af-
ter receiving said notice. Where the corporation, or person
owning or controlling and operating the railroad, is in de-
fault, such notice may be served on the nearest station
agent thereof. If the party on whom such notice is served,
fail to construct such fence as herein provided, and with-
in the time prescribed, such party shall be fined one dol-
lar for each and every day after the expiration of the said
period of four months during which the fence shall not
have been constructed. Such fines may be recovered by war-
rant in the name of the Commonwealth of Kentucky before
any court of competent jurisdiction."

Counsel for appellant has made a very clever and plaus-
ible argument in support of his contention as to the true
meaning and purpose of these provisions of the statutes,
but we do not indorse either the soundness of the argument
or the conclusions reached. Section 1789, which is the
first section of article 2 of chapter 48, says "that railroads
which have been constructed and in operation for a per-
iod of five years are placed on equal terms and obliga-
tions with other land holders owning adjoining land in
this Commonwealth." Section 1784, which is found in
article 1 of chapter 48, after providing for the recovery

from a recusant landholder of his half of the division fence, expressly stipulates "that nothing in this section shall be construed to conflict with the act requiring railroad corporations, and other persons operating and controlling railroads, and land owners to fence their right of way and track." We think the Legislature by these sections of the statutes intended to put railroads upon an exact footing with other landholders in the construction of division fences, 'and that section 1791 provides an additional remedy for compelling the discharge of the duty imposed by the preceding sections upon railroad companies. It would certainly be very unsatisfactory to the adjacent landholder, who had expended money in the erection of the division fence, to have no other remedy against the recusant railroad than to institute the penal proceeding provided for by section 1791, as it practically left him without compensation for the money spent for their mutual advantage.

The second error complained of is the trial court's peremptory instruction to find for the plaintiff, and the third relied upon is the court's refusal to give a peremptory instruction to find for the defendant. The defendant pleaded, in substance, that when its road was built its vendor bought of appellee's vendor the right of way for $1,500, and that this compensation was intended to include fencing and all other damage. This was denied by appellee in his reply, and the only proof introduced in the case was the deed from Lee and his wife to appellant's vendor, and the testimony of Dr. George R. Bibb. The deed recites that, in consideration of $1,500, Lee and his wife convey a strip of land, sixty feet wide, bounded by certain courses and distances, and warrant general the title there-

to. There is nothing in the deed about fencing, and in the case of Railway Co. v. Townsend (Ky.) 53 S. W., 663, it was held "that such deed to a railroad company is not to be distinguished from a similar deed to a private person, and that, if made to an individual, it would have passed nothing but the land, and the rights as to the fencing would be determined by the laws in force on that subject." In order for appellant to bring his case within section 1796 of the Kentucky Statutes, he must show that the owner or his vendor in fact received compensation for fencing the land. This appellant undertakes to do by the testimony of Dr. Bibb, but Bibb testifies, in substance, that he was not present at the time the trade was made with Lee for the right of way, or when the deed was executed, and that he has no personal knowledge of the elements of damage that were considered at that time; he only knows that the commissioners who were appointed to secure the right of way generally took into consideration every element of damage to the landholder, and that the price paid was largely in excess of the value of the four acres of land. This testimony is wholly insufficient to establish the fact that the fencing was taken into consideration, and is, in the main, incompetent. We are, therefore, of the opinion that the circuit judge properly instructed the jury to find for the plaintiff. Judgment affirmed.