## Terhune v. Gorham, et al.

(Decided June 27, 1923.)

### Appeal from Mercer Circuit Court.

Eminent Domain.—Where, without waiting for termination of condemnation proceedings to procure land for widening state highway, road construction contractor entered on plaintiff's premises and commenced construction operations, plaintiff was entitled to sue contractor in trespass for the taking and injury to his property for a public use before he had received payment therefor as required by Constitution Bill of Rights, sec. 1, subsec. 5, and sections 13, 242, and contractor could not set up pendency of condemnation proceedings in bar of said action.

E. H. GAITHER for appellant.

C. E. RANKIN and R. W. KEENON for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The county court of Mercer county instituted condemnation proceedings against H. C. Terhune to procure a portion of his land adjoining the Louisville and Crab Orchard turnpike, a state highway, for the purpose of widening that highway. In the meantime the state highway commission contracted with Ben W. Gorham & Co. for the construction of the highway, and, without waiting for a termination of the condemnation proceedings, the latter company undertook the construction of the road. Following this Terhune sued Gorham & Co. in trespass, alleging that they had wilfully, wantonly, and wrongfully entered upon his land, destroyed his yard fence, dumped quantities of earth and debris in his side yard, leaving his premises uninclosed; and otherwise injuring his property, and asked $2,000 in damages and a perpetual injunction. The defendants filed special demurrer to the petition, which was overruled, whereupon they answered traversing the allegations of the petition and alleging affirmatively that the entry was made by virtue of the contract with the state highway commission, which had fixed the grade and boundary of the road, the latter embracing a small strip claimed both by the plaintiff and Mercer county; that by statute the county court of Mercer county was under the duty of furnishing the right of way

for interstate highways; that the defendants had taken no land except that which the county had agreed to furnish for the right of way, and therefore defendants were not liable. They also pleaded the pendency of the condemnation proceedings in bar of this action, and further pleaded that in this action plaintiff had agreed for them to proceed with the construction of the road, and that his damages should be determined in the condemnation proceedings. These matters were controverted by reply. Plaintiff also pleaded certain alleged irregularities in the condemnation proceeding, to which the court sustained a demurrer. The lower court was of the opinion that, as the county court had first acquired jurisdiction of the matter, it had exclusive jurisdiction to hear and determine all matters and elements of damage embraced in that proceeding. In conformity with this view, the only evidence plaintiff was permitted to introduce was as to damage to his lands adjacent to his right of way, caused by the negligent construction of the road. The jury returned a verdict for defendants, and plaintiffs appeal.

One of the most cherished rights guaranteed by the Constitution is that "of acquiring and protecting property." Section 1, subsec. 5, Bill of Rights. And this cannot "be taken or applied to public use without . . . just compensation being previously made to him." Section 13 of the Constitution. And every person or corporation "invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them; which compensation shall be paid before such taking, or paid or secured, at the election of such corporation or individual, before such injury or destruction." Section 242. Id. The primary question involved in this appeal is as to the liability of defendants for taking plaintiff's property for a public use before he received payment therefor. This question has been before this court frequently, and may be regarded as well settled. In the leading case of Bushart v. County of Fulton, 183 Ky. 471, 209 S. W. 499, the county had by proper steps condemned a right of way over the lands of Bushart, and his damages had been assessed at the sum of $180 by the report of properly appointed commissioners, and this report duly confirmed by the judgment of the county court. After the rendition of the judgment, the county opened and constructed a road on this right of way over Bushart's premises with-

out paying the damages. Bushart disregarded the condemnation proceedings, and sued in trespass for all injuries occasioned by opening the road. The lower court sustained a demurrer to a petition pleading these facts. But this court, after a full review of the authorities and an elaborate discussion of the constituitonal provision cited supra, said:

"According to the averments of the petition, appellant, though deprived by the judgment of the county court of a sufficiency of his land for a roadway, has not been paid its value or any part of the incidental damages thereby caused him.

"This should have been done before depriving him of the possession of the land. While the judgment appears to have fixed the amount to which he was regarded by the court entitled, it failed to require its payment before depriving him of the land, and the appropriation of his land to the use of the public as roadway under the circumstances was a clear violation of the sections of the Constitution, supra, constituting a trespass for which the county of Fulton is liable in damages. Appellant might have taken an appeal from the judgment, or he might have obtained an injunction to prevent the opening of the road, but he was not bound to pursue either of these remedies. He also had the right to elect to sue for the trespass as he has done, and the judgment of the county court will not bar the action, if the averments of the petition are established by proof."

In Muhlenberg County v. Ray, 215 Ky. 296, 284 S. W. 1074, the same principle was applied against the county for damages in taking a strip of land for an interstate highway before payment, and this was followed in the similar case of Metcalfe v. Lyttle, County Judge, et al., 219 Ky. 488, 293 S. W. 979. A case clearly in point is that of Chicago, St. Louis & N. O. R. Co. v. Ware, 220 Ky. 778, 295 S. W. 1000. In that case the railroad company proceeded in conformity with the statute to condemn a certain tract of land. There was some uncertainty as to the title to the land, and, pending the proceedings and before the judgment, the company took possession of the land and appropriated it to its own use. Whereupon the owner sued in trespass. The company pleaded the pending condemnation suit in bar. The court stated how and

when the condemnor could take possession, and further said:

"This cannot be done, however, until the railroad company has paid to the owner the amount found as damages and costs. . . . The appellant in this instance appropriated the land of appellee when it had no right to do so, and this was an abandonment of the condemnation proceedings pending in the county court. The appellee had a cause of action against appellant for the wrongful appropriation of her land. The railroad company cannot be allowed to take advantage of its wrongful act, and, after having appropriated the property, have a trial of the exceptions to the report of the commissioners. The acts of the appellant in appropriating the land without proceeding in accordance with the provisions of the law cannot be approved. The property of an individual may not be thus taken; but, since it has been done, the appellee is not without remedy. Her suit must be treated as if it were an appeal from the judgment of the county court. Harlan County v. Cole, 218 Ky. 819, 292 S. W. 501, this day decided."

Clearly, under the above authorities and under the pleadings in this case, the county would have been liable to plaintiff in a direct action for the taking and injury to his property, and would not be permitted to rely on the pendency of the condemnation proceeding in bar of the action, and the contractor performing the work and committing the trespass is in no more favorable attitude than the county itself. Adams & Sullivan v. Sengel, 177 Ky. 535, 197 S. W. 974, 7 A. L. R. 268. It follows that the court erred in not permitting the plaintiff to prove the full amount of his damages including the elements of damage admissible in condemnation proceedings. In view of the conclusions reached above, it becomes unnecessary to determine the effect of the alleged irregularities in the condemnation proceedings.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.