## Terhune v. Ben W. Gorham & Company.

(Decided May 3, 1929.)

E. H. GAITHER for appellant.

C. E. RANKIN and R. L. BLACK for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case. The opinion in the first one is reported in 225 Ky. 249, 8 S. W. (2d) 431, in which will be found the facts as a foundation for the action, and our determination of its character and purpose. It was therein held that the action was maintainable by plaintiff, H. C. Terhune, who was appellant in that appeal and also in this one, against the contractors, Ben W. Gorham & Co., notwithstanding there was pending, and undetermined at the time it was filed, a condemnation proceeding in the Mercer county court by the state highway commission to condemn the strip of land in controversy for the purpose of widening the highway upon which plaintiff's farm abutted. The legal principles upon which that opinion was rested are clearly set forth therein, and it will not be necessary to repeat them herein, further than to say that they were to the effect that, before the public, or any one having the right to condemn, may take possession of the needed land against the consent of its owner, the value of the land taken, and the legal damages to the remaining tract, as found in a duly instituted condemnation proceeding, must either be paid to the owner or tendered to him, and, if tender is refused, it must be tendered in court by the condemnor, and, if possession is taken before that time, the one doing so is a trespasser and is liable to the owner as

such. But the former opinion in this case, following prior ones by this court and in which other prior ones are referred to, held that in the trial of such trespass actions the elements of damage applicable to condemnation proceedings, as well as the evidence heard in such actions, should be followed. The former opinion reversed the judgment of the circuit court dismissing plaintiff's petition, with directions that a trial be had in conformity with the principles governing one under condemnation proceedings, and after the filing of the mandate Mercer county tendered its intervening pleading to be made a party defendant to the action, which the court permitted to be done over the objections of plaintiff.

Proper pleadings made the issues, and upon trial there was a verdict and judgment for plaintiff in the sum of $300. Conceiving that amount to be too small, he filed his motion for a new trial, which was overruled, followed by the prosecution of this appeal by him to this court. A number of supposed errors are set out in the motion and grounds for a new trial, but counsel for appellant directs his argument chiefly to only two, which are: (1) Error of the court in permitting the intervening pleading of Mercer county to be filed; and (2) error in the instructions.

Incidentally, there is also some criticism of the small amount of the verdict as being contrary to the testimony, but which, we think, under familiar principles, continuously and frequently applied by this court, is not maintainable. It is true that plaintiff and some of his witnesses testified to a most exaggerated amount of damages, but which (though uncontradicted by other testimony in the case) is so glaringly excessive as to weaken its credibility. A fence that had been built as much as 10 years or more was destroyed, and its value was properly permitted to be proven, as was also the value of the small strip of land taken; but the competent incidental damages in such cases, as testified to by plaintiff and some of his witnesses, were both swollen and remotely speculative, and the same may also be said as to the value of the strip taken and the diminished value of the remainder of the land by reason thereof.

To adopt and exact from the various counties of the state, whose duty it is to provide rights of way for state-constructed roads, the valuations contained in plaintiff's testimony and that of some of his witnesses, would

greatly curtail, if not entirely stop, the work of the state highway commission in providing public highways in the commonwealth because of the financial inability of the various counties to procure the rights of way. But, without reciting it, it is sufficient to say that there was credible testimony in this case, which, if believed by the jury (and they no doubt did), justified the size of its verdict, and under familiar principles we are not authorized to disturb it because of its being too small. Having disposed of this criticism of the verdict, we will now discuss and determine the two grounds above enumerated.

■ Section 4356t7 of the Supplement to Carroll's Kentucky Statutes, 1922 Edition, requires condemnation proceedings to acquire land for the construction of state highways to be brought by and in the name of the state highway commission, and it also prescribes that the respective counties of the commonwealth shall provide such rights of way, and the opinions in the cases, supra, including those referred to therein and not herein expressly named, held that it was a part of the duty of the county in providing the rights of way to pay the judgment in the condemnation proceedings, and, that being true, it was essentially an interested party in the judgment that might be rendered in this case, and which, if done according to the former opinion herein and the other cases, supra, would be tantamount to and treated as a judgment in condemnation proceedings. Being so interested as exclusive paymaster, under familiar principles, it had the right to a voice in the trial, so as to prevent an exorbitant verdict that it would be compelled to pay, since there is no provision in the statute, supra, whereby the county may question the size of the verdict and judgment in such cases, though instituted exclusively in the name of the state highway commission. Indeed, the statute requires that the elected attorney for the county shall prosecute for the state highway commission such condemnation proceedings.

But, if we should view this case as a trespass action exclusively, then the opinion in the case of Meek v. Davis, 189 Ky. 64, 224 S. W. 659, is authority for the right of a joint trespassing wrongdoer to make himself a party defendant to an action for trespass to real property against his joint wrongdoer when the latter committed the trespass at the instance of the intervener, and especially so if the latter would be liable to the former for any judg-

ment that might be recovered. In that case, two employees of the intervener were made defendants in an action of trespass to real property and they defended upon the ground that the latter intervener owned the land and directed them, under their employment, to commit the complained of trespass; whereupon their employer sought the intervention that the trial court denied, but which on appeal we held was error. The case is analogous to the facts involved in this one, and according to our view furnishes support for the action of the trial court in permitting the county to interplead, and this ground is therefore overruled.

■ The argument in support of ground (2) is chiefly directed to instruction No. 2, saying: "The whole finding under instruction No. 1 is the difference between the reasonable market value of the whole tract immediately before and the reasonable market value of the remainder (immediately) after the taking of the strip." Instruction No. 1 properly gave the measure of damages in condemnation proceedings as pointed out in the numerous opinions of this court, including those of Harlan County v. Cole, 218 Ky. 819, 292 S. W. 501; Logan County v. Davenport, 214 Ky. 845, 284 S. W. 98, and others rendered both before and since the rendition of them. Likewise did those opinions expressly limit the total amount of recovery to "the difference between the reasonable market value of the whole tract immediately before and the reasonable market value of the remainder immediately after the taking of the strip deducting from both estimates any enhancement of the value of the remainder by reason of the building and use of the road." Davenport case supra. Complained of instruction No. 2 in this case followed the rule as so laid down by this court.

But it is insisted that the limitations therein contained had the effect to preclude the jury from returning consequential damages produced by the throwing of rocks on plaintiff's remaining land by explosions in preparing the new right of way, and other incidental items of damage sought to be recovered. We do not agree with learned counsel in this contention, since the conditions so produced would necessarily be required to be taken into the estimate (and the jury were so told in instruction No. 1) in fixing the reasonable market value of the land immediately *after* taking the strip, for it is the then condition of such remaining portion that enters into the meas-

urement of its then market value. We therefore find no merit in this ground.

Perceiving no error prejudicial to plaintiff's substantial rights, the judgment is affirmed.