## Fallis v. Mercer County.

(Decided December 2, 1930.)

E. H. GAITHER for appellant.

C. E. RANKIN and ROY E. GRAVES for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

For the construction of a highway, Mercer county, as is provided in section 4356t-7, Kentucky Statutes, secured a conveyance to the state highway commission of a strip of land from the appellant, Mrs. Mary D. Fallis, the consideration recited being: "The benefits to be derived by the party of the first part from the improvement of a public road leading from Harrodsburg to Lawrenceburg." The deed also contains this clause:

"It is further agreed and understood by the parties hereto, and is a part of the consideration for this conveyance, that second party is to use and occupy the land hereby conveyed for a State High-way, and the construction thereof, which will be built and constructed under the laws of the State of Kentucky."

Some time after the road was constructed, Mrs. Fallis filed a suit against the county asking $600 in damages because the highway commission, in making the road, had

changed and raised the grade above the level of her property so as to interfere with the ingress and egress. It was charged that the county by agreement with the commission and the contractor had bound itself to pay all damages arising from the construction. Special and general demurrers to the petition being overruled, the defendant filed a motion to require plaintiff to file the agreement alleged. Before this was acted on it filed an answer denying there was any such agreement or obligation on its part as well as that there was any damage to the plaintiff's property. By another paragraph the conveyance above described was set up, and it was alleged that prior to its execution and delivery plans and specifications describing the work which was to be and which was done were available as public records, and by reason of the conveyance and its stipulations the plaintiff had no claim against the county on account of the construction or maintenance of the highway. The consideration of a demurrer to the second paragraph of the answer, according to the judgment, caused the court to withdraw its previous ruling and to sustain a demurrer to the petition. Upon the plaintiff declining to plead further, the case was dismissed.

The procedure has been treated as if the case was submitted and tried on the two pleadings and exhibits, and it will be so disposed of here.

There was no allegation of negligent construction, and it is to be assumed that the road was properly built on the land conveyed for that purpose. If, in the construction of the road, appellant's adjacent land was damaged, it would be construed as a taking or applying for public use within the meaning of section 13 of the Constitution, and the county would be liable therefor (Layman v. Beeler, 113 Ky. 221, 67 S. W. 995, 24 Ky. Law Rep. 174; Moore v. Lawrence County, 143 Ky. 448, 136 S. W. 1031), unless the right so to injure or take the property is to be considered within the conveyance. The section of the statute referred to (section 4356t-7) provides that the county must acquire the right of way for state roads and pay all damages incurred or awarded by reason thereof. Terhune v. Ben W. Gorham & Co., 229 Ky. 229, 16 S. W. (2d) 1060. The county may acquire the right of way through donation or by purchase, or through condemnation proceedings instituted by the highway commission. There must have been a futile effort to agree before such proceedings can be maintained. Howard Realty Co. v.

Paduch & Illinois R. R. Co., 182 Ky. 494, 206 S. W. 774; Hart v. Commonwealth, 207 Ky. 343, 269 S. W. 300. In whichever of the three ways the land may be acquired it would seem the same elements are involved and the same results follow. In condemnation suits the sums fixed as compensation cover the value of the property actually taken, and, in addition, the consequential damages to the remaining land, less the benefits accruing to it. Board of Councilmen of City of Frankfort v. Brammel, 220 Ky. 132, 294 S. W. 1076.

Says Sedgwick on Damages, sec. 1109:

"The compensation allowed is considered to cover all damages past, present, and prospective, which have resulted or may naturally and reasonably result from the careful and skillful exercise of the power. The whole theory of condemnation proceedings is founded on the idea that damages are to be assessed once for all, and hence the general rule is that no further damages can be recovered. The property owner cannot afterward bring a second action for injury due to the improvement, on the ground that the jury did not consider that particular injury in making the assessment; neither can he be turned over to another action to recover a part of his damages."

It is further stated in the same section:

"The same rules apply where the property is granted for public use by deed,—the consideration given for such deed has the same effect as compensation in condemnation proceedings, so that further recovery for reasonable and authorized use of the property is precluded."

The considerations for the conveyance of the property by the appellant were recited to be: (1) Its use and occupancy by a state highway to be properly constructed thereon; and (2) the benefits accruing to her from the improvement. There was carried with the conveyance, naturally, the right to put the land to the use for which it was intended, and the grantor is entitled to no further consideration, if that right was exercised in a prudent and proper manner. Madisonville, H. & E. R. R. Co. v. Renfro (Ky.) 127 S. W. 508; Board of Councilmen of City of Frankfort v. Brammel, supra.

Construing the two pleadings together, as apparently the lower court did, it appears that the appellant had no cause of action, and the judgment is affirmed.