## Snyder et al. v. Whitley County.

(Decided Oct. 16, 1934.)

J. B. SNYDER and BEN B. SNYDER for appellants.

A. M. CADDELL, L. O. SILER and C. B. UPTON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The sole question involved on this appeal is whether the owner, who conveys land to the State Highway Commission to use and occupy for a state highway in consideration of cash and the benefits accruing to him, can recover damages to adjacent property occurring during, and by reason of, the construction of the highway, not constructed in bad faith or negligently.

The Snyder heirs, by a deed executed on the 12th day of June, 1932, and delivered to the State Highway Commission, conveyed to it the land therein described, "in consideration of $75.00 paid by Whitley County," and "the benefits to be derived by the grantors from the improvement of a public road leading from Williamsburg to Pineville." The deed contains this clause:

> "It is further agreed and understood by the parties hereto, and is a part of the consideration for this conveyance, that second party is to use and occupy the land hereby conveyed for a State Highway, and the construction thereof which will be built and constructed under the laws of the State of Kentucky."

We have re-examined the deed involved in Fallis v. Mercer County, 236 Ky. 315, 33 S. W. (2d) 12, 13,

and compared it with the one in the present case. They are identical in respect to the recited consideration (except the amount) and the portion we have quoted from the deed now before us. The Fallis deed and that involved in the present action were secured by the State Highway Commission for the construction of a highway as provided in section 4356t-7, Kentucky Statutes. The cause of action against the county in the Fallis Case was premised upon the fact that in making the road the State Highway Commission "had changed or raised the grade above the level of her property so that the road when completed interfered with her right of ingress and egress." "It was charged that the county by agreement with the commission and the contractor had bound itself to pay all damages arising from the construction." The Snyder heirs, conceding the land was conveyed to the State Highway Commission for the construction thereon of a state highway, for their cause of action, charge that the construction of the highway over their land was done by a construction company "under the plans and specifications and orders of the State Highway Commission," that in constructing it "the lateral support of their land was removed and destroyed by the construction company," and "thereafter in about three months when rain set in and the ground above the roadway became wet there was no support left to hold the land and same cracked and broke up and began to move toward the lower side into said roadway and that a large break came in plaintiffs' land above said roadway, about 300 feet long and back up the hill some 350 feet and finally the entire acreage began to move toward and into the road, totally destroying plaintiffs' land for any purpose; * * * making a large gap in their land," and, "by the making of this large gap caused the earth to slide down, and the breaking up of their land prevented using any passageway from one side of the said farm. * * * They have been damaged by the taking of their property in the sum of $500.00 and caused additional land and the farm to be damaged to the extent of $200.00 making in all a damage which was caused by the defendant of $700.00 on these items."

The defenses of Whitley county were a traverse and estoppel by deed.

The court overruled a demurrer to the plea of estoppel and carried it back to the petition, which was sustained to it. The Snyder heirs declining to amend, it

was dismissed. There are now presented to us for consideration and determination the questions raised by the demurrer as thus presented and decided by the trial court. We are not doubtful that the Fallis Case (236 Ky. 315, 33 S. W. [2d] 12) is conclusive on all questions raised in the present one. Therein the defenses were a traverse and estoppel by deed. The court overruled a demurrer to the plea of estoppel, and then sustained it to the petition; the plaintiff declined to plead further; the petition was dismissed, and on appeal the judgment was affirmed.

It should be noted that in the Fallis Case damages were sought because the Highway Commission, in the construction of the road according to the plans and specifications, elevated it above the adjacent land of Fallis, thereby destroying her way of ingress and egress. In the present case, the highway was constructed according to the plans and specifications as prepared by the State Highway Commission, and the roadway was cut down to a depth of fifteen feet below the surface of the hill through which it was constructed. The cutting it down, it is alleged, caused the slipping of the Snyder land as the same is described in the petition. It was not charged in the Fallis Case the highway had been constructed in bad faith or negligently; nor is it here charged the highway was constructed in either bad faith or negligently. It is not charged that in the construction of the highway the Snyder land was actually entered upon outside of the land described in their deed.

It is agreed in the briefs that section 4356t-7, Kentucky Statutes, imposes the obligation upon the county to pay out of its road fund, or road and bridge fund, "all costs of acquiring any necessary land or right of way for the construction of state highways and any damages incurred in the execution of the plans and specifications of a highway constructed on the land so acquired for that purpose." Also, it is agreed where a county or the State Highway Commission, acting under the above section, damages, destroys, or takes land for a state highway before just compensation is paid or secured, the county is liable to the owner therefor under section 242 of the Constitution, and an action to recover damages will be treated as though there had been an appeal from an assessment legally made in condemnation proceedings after a trial before a jury in the county court as provided by law. See Letcher County

v. Hogg, 209 Ky. 182, 272 S. W. 423; McDonald v. Powell County, 199 Ky. 300, 250 S. W. 1007; Black Mt. Corp. v. Houston, 211 Ky. 621, 277 S. W. 993; Harlan County v. Cole, 218 Ky. 819, 292 S. W. 501; Terhune v. Ben W. Gorham & Co., 229 Ky. 229, 16 S. W. (2d) 1060; Reed v. Ben W. Gorham & Co., 233 Ky. 215, 25 S. W. (2d) 377; Perry County v. Townes, 228 Ky. 608, 15 S. W. (2d) 521; Franklin County v. Bailey, 250 Ky. 528, 63 S. W. (2d) 622.

The construction of section 242 of the Constitution as given it in those cases must be considered in connection with the facts therein involved. In no one of them was just compensation for the land damaged, destroyed, or taken, paid or secured, "before taking" of the land for public use, nor was a condemnation proceeding had in any of those cases; or the land therein previously acquired for public use by a voluntary deed. There is a clear distinction, and valid reasons for it, between the right of an owner to recover in an action for the damaging, destroying, or taking his land for a public use before he is paid, or secured in the payment of, a just compensation without condemnation proceedings or acquiring title by deed, and where it is acquired in advance for public use by either condemnation or a deed. But, whichever of the three ways the land may be acquired and occupied for a public use, the elements of damages are identical. "In condemnation suits the sums fixed as compensation cover the value of the property actually taken, and, in addition, the consequential damages to the remaining land. * * * 'The same rules apply where the property is granted for public use by deed,—the consideration given for such deed has the same effect as compensation in condemnation proceedings, so that further recovery for reasonable and authorized use of the property is precluded.'" Fallis v. Mercer County, supra; Sedgwick on Damages, sec. 1109.

As was said in Fallis v. Mercer County:

"The considerations for the conveyance of the property by the appellant were recited to be: [1] Its use and occupancy by a state highway to be properly constructed thereon; and [2] the benefits accruing to her from the improvement. There was carried with the conveyance, naturally, the right to put the land to the use for which it was intended, and the grantor is entitled to no further considera-

tion, if that right was exercised in a prudent and proper manner. Madisonville, H. & E. R. R. Co. v. Renfro [Ky.] 127 S. W. 508; Board of Councilmen of City of Frankfort v. Brammell [220 Ky. 132, 294 S. W. 1076], supra.''

The petition herein admits that the damages which the grantors seek to recover occurred as the consequence of the reasonable and authorized use of the land for which they conveyed it to the State Highway Commission.

To escape the effect of their deed they may not now invoke the rule applying to, and controlling, the right of a landowner to recover damages for property damaged, destroyed, or taken for a public use before just compensation is paid or secured, and without a condemnation proceeding. They are precluded of a recovery by their deed.

Wherefore, the judgment is affirmed.