## Snyder v. Shelby County.
### (Decided Oct. 30, 1935.)

LESLIE W. MORRIS and MARION RIDER for appellant.

H. B. KINSOLVING, Jr., and COLEMAN WRIGHT for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In February, 1929, the appellant, by deed of general warranty, conveyed to the state highway commission of Kentucky a strip of land 30 feet wide through his farm in Shelby county for the right of way of a state highway from Taylorsville to Southville, Ky.

The pertinent parts of the deed necessary to be considered for determination of the question here involved read:

"This deed between Dave Snyder and May Snyder party of the first part, and the Commonwealth of Kentucky, through its State Highway Commission, acting in an official capacity, party of the second part, witnesseth:

"That the said party of the first part in con-
sideration of the benefits to be derived by the party
of the first part from the improvement of a public
road, leading from Taylorsville, Ky., to Southville,
Ky., do hereby sell, grant and convey to the party
of the second part, its successors and assigns, the
following described property, viz:" [then follows
the description of the property conveyed].

The highway commission constructed the road along
the right of way described in the deed, and after it had
been in use for some time, the appellant demanded of
Shelby county that it build a fence along the highway
through his farm, which the county refused to do. In
May, 1934, appellant instituted this action to recover of
Shelby county damages because of its failure to con-
struct the fence.

The original petition contained two paragraphs, the
first of which sought a recovery for the reasonable cost
of the fencing in the sum of $600; in the second para-
graph he sought to recover on the grounds of alleged
unlawful taking of the remainder of his farm, which he
claimed was rendered useless to him for farm purposes
by the failure of Shelby county and the state highway
commission to fence the right of way after the road had
been constructed, basing this alleged cause of action
upon sections 13 and 242 of the Constitution of Ken-
tucky. Later, by amended petition, he withdrew that
portion of the first paragraph of his petition in so far
as it sought a recovery for the cost of the fencing, and
rested his action upon the second paragraph on the
grounds above indicated, and fixed the cost of fencing
as the basis of the damages.

The court sustained a demurrer to the petition and
the petition as amended, and appellant, plaintiff below,
failing to plead further, his petition was dismissed and
he appeals.

It will be noticed that the deed of conveyance and
entire transaction was one between the appellant and
the state highway commission, and Shelby county was
not a party thereto. It is argued for appellant, however,
that although the consideration expressed in the deed
made no mention of the fencing of the right of way, it
was contemplated by the parties that the county would
do so. He relies upon section 4356t-7 of the Kentucky
Statutes, which, among other things, requires the coun-

ty to pay out of its road fund all costs of acquiring any necessary land or right of way for the construction of state highways and damages incurred in the execution of the plans and specifications upon land so acquired for that purpose. It is insisted that the provisions of the Statutes, supra, are broad enough to include the fencing of right of way whether or not same be made a part of the consideration or otherwise expressly agreed to. We cannot accept that theory. It is a fundamental rule of construction of contracts, when free from ambiguity and in the absence of an allegation of mistake or fraud, the courts will construe them according to the language used by the parties. The only consideration of the conveyance either expressed or implied is the "benefits to be derived by the party of the first part from the improvement of the public road leading from Taylorsville to Southville, Kentucky. * * *"

Had it been intended or contemplated by the parties that Shelby county was to fence the right of way as a part of the consideration, evidently the parties would have so stipulated it in the deed, and, in the absence of such provision, to place such construction on the contract would be mere speculation and conjecture on the part of the court and would be in effect the making of a contract which the parties did not make for themselves.

There is no allegation that the road as constructed by the highway commission covers or occupies land not embraced in the deed or that appellant's adjoining land has been damaged as result of the construction or use of the road. The only complaint is that by reason of Shelby county failing to fence the right of way, appellant has sustained damages in the way of loss of the use of his lands. Loss of the use, rents, or profits of lands merely because it is not fenced is not damage to the lands as contemplated by section 242 of the Constitution. Damage to land as contemplated by that section of the Constitution implies damage to the soil, but does not include the loss of the use of lands when the land itself has not been damaged.

In the case of Fallis v. Mercer County, 236 Ky. 315, 33 S. W. (2d) 12, 13, the consideration for the conveyance was the same as the consideration in the present case. Mrs. Fallis conveyed to the state highway commission a strip of land for right of way, and, after the

road had been constructed, she brought suit against Mercer county to recover damages because the highway commission, in making the road, had changed and raised the grade above the level of her property so as to interfere with the ingress and egress. It was charged that the county by agreement with the commission and the contractor had bound itself to pay all damages arising from the construction of the road. The court sustained the demurrer to the petition, and upon appeal to this court the judgment of the lower court was affirmed. In discussing the considerations for the conveyance in the case, supra, we said:

"The considerations for the conveyance of the property by the appellant were recited to be: [1] Its use and occupancy by a state highway to be properly constructed thereon; and [2] the benefits accruing to her from the improvement. There was carried with the conveyance, naturally, the right to put the land to the use for which it was intended, and the grantor is entitled to no further consideration, if that right was exercised in a prudent and proper manner."

In our view the Fallis Case, supra, is a much stronger one than the present case. In that case the plaintiff charged that by reason of the construction of the road ingress and egress to adjoining land was obstructed; whereas in the instant case the damage complained of is that plaintiff lost the use and benefits of the adjoining land because the county failed to build a fence along its right of way. In Snyder v. Whitley County, 255 Ky. 741, 75 S. W. (2d) 373, 375, in discussing the question there involved which is similar to the one in the Fallis Case, supra, the court said:

"The petition herein admits that the damages which the grantors seek to recover occurred as the consequence of the reasonable and authorized use of the land for which they conveyed it to the State Highway Commission.

"To escape the effect of their deed they may not now invoke the rule applying to, and controlling, the right of a landowner to recover damages for property damaged, destroyed, or taken for a public use before just compensation is paid or secured, and without a condemnation proceeding. They are precluded of a recovery by their deed."

122

The consideration expressed in the deed speaks for itself, and when viewed in the light of the Statutes (section 4356t-7), and the authorities herein cited, the conclusion is inescapable that plaintiff's petition does not state a cause of action and the court did not err in sustaining the demurrer thereto.

Appellant relies upon the cases of Owensboro & Nashville Ry. Co. v. Townsend, 107 Ky. 291, 53 S. W. 662, 21 Ky. Law Rep. 997, Owensboro & Nashville R. Co. v. Courts, 109 Ky. 154, 58 S. W. 521, 22 Ky. Law Rep. 672, 673, and Crawford v. Southern Ry. in Kentucky, 153 Ky. 812, 156 S. W. 861. The opinions in those cases are based upon section 1789, Kentucky Statutes, which reads:

"That when any corporation, or person owning or controlling a railroad in this Commonwealth, owns right of way, and its railroad shall have been constructed and in operation for the period of five years, the same is hereby put on equal terms and obligations with other land-owners owning adjoining lands in this Commonwealth."

The words, "with other land-owners owning adjoining lands in this Commonwealth," as used in the Statutes, supra, have reference to sections 1783, 1784 et seq., Kentucky Statutes, relating to division fences between adjoining landowners.

Plaintiff's petition does not comply with the procedure provided in those sections of the Statutes.

The judgment is affirmed.