## Breathitt County v. Hudson.
(Decided June 19, 1936.)

22

GRANNIS BACH and A. M. RUSSELL, County Attorney, for appellant.

SOUTH STRONG for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Reversing.

The judgment is for $300 in favor of the appellate for damages to his property, resulting from the construction of a highway up Troublesome creek. The plaintiff's proof is that, by removing the lateral support, slides and breaks were made in his land up the mountain; that dirt and rock were dumped or spread over perhaps half an acre of his bottom land; rock had been cast on his residence, and elsewhere on his premises, due to excessive blasting. By reason of insufficient culverts, his garden had been flooded, and some of his vegetables destroyed or damaged. The plaintiff also claimed damages for being deprived of the use of his property by reason of these things.

The original and first amended petition seem to plant the cause of action upon the negligence of the county and its improper construction of the road, although under a liberal interpretation we might discover that some of the damages alleged were caused by the taking of the property or trespass thereon, irrespective of negligence. The second amended petition sets up the duty of the county to furnish the right of way for the construction of the road by the state highway commission, although charging that the work was done by the county in conjunction with the Commission.

The county only traversed the petition and its amendments. It introduced in evidence a deed from the plaintiff for the right of way, which is in the usual form. It recites the consideration to be the benefits to be derived by the grantor from the improvement of the road and the sum of $575, and further that it was agreed and understood as a part of the consideration that the state highway commission (grantee) was to use and occupy the land conveyed for a highway and the construction thereof under the laws of the state. But the terms of that deed were not relied upon by the county in any pleading.

The statute requires the counties to pay for necessary land and rights of way for roads to be improved or constructed by the state highway commission, and to pay all damages incurred in the execution of the plans and specifications of a highway constructed on that land. Section 4356t-7, Kentucky Statutes. If such right of way be not acquired by agreement, or through the procedure prescribed for the exercise of the right

of eminent domain, the county is liable for compensation to the owner after the taking of the property. This is under the provisions of section 242 of the Constitution, requiring that just compensation shall be made for property taken, injured, or destroyed by municipal or other corporations and individuals invested with the privilege of taking private property for use. An action therefor is treated as in the nature of a condemnation proceeding. Snyder v. Whitley County, 255 Ky. 741, 75 S. W. (2d) 373.

The county is liable for compensation to the owner where there has been an actual taking or an appropriation of his property. This embraces permanent, substantial trespass, or invasion, or direct injury, or consequential damage, to the remaining land, such as causing slides and subsidence, or the covering of it with debris, where such act was in accordance with prudent plans of the state highway commission. Harlan County v. Cole, 218 Ky. 819, 292 S. W. 501; Terhune v. Gorman, 225 Ky. 249, 8 S. W. (2d) 431; Perry County v. Townes, 228 Ky. 608, 15 S. W. (2d) 521; Terhune v. Ben W. Gorham & Co., 229 Ky. 229, 16 S. W. (2d) 1060; Jones v. Louisville & N. R. Co., 233 Ky. 152, 25 S. W. (2d) 31; Reed v. Ben W. Gorham & Co., 233 Ky. 215, 25 S. W. (2d) 377; Barass v. Ohio County, 240 Ky. 149, 41 S. W. (2d) 928; City of Ashland v. Queen, 254 Ky. 329, 71 S. W. (2d) 650; Adkins v. Harlan County, 259 Ky. 400, 82 S. W. (2d) 425.

Aside from any sovereign immunity, the county cannot be held liable for damages caused by negligence or carelessness of the contractors, for the county does not plan or do the work, and cannot be held responsible for such acts. Its duty to furnish a right of way does not carry any guaranty of indemnity against damages resulting from any cause save the taking of the property for the purpose of the right of way. Jones v. Louisville & N. R. Co., supra; Barass v. Ohio County, supra.

A deed to a right of way, such as the one before us, reciting the consideration to be, in part, the resulting benefits to the grantor's adjacent property by reason of the construction of the highway, forbids recovery for consequential injury to that property, such as hindering ingress and egress because of the elevation or de-

pression of the highway, or the loss of the use of rents or profits of the land, or fencing, or any other damage arising from the proper, prudent, and good-faith exercise of the right to put the land conveyed to the intended use. Fallis v. Mercer County, 236 Ky. 315, 33 S. W. (2d) 12; Snyder v. Whitley County, supra; Snyder v. Shelby County, 261 Ky. 118, 87 S. W. (2d) 90.

A contractor building the highway is liable for damages resulting from his own negligence or unauthorized trespass upon the property off the right of way. He may be secondarily responsible for doing the work on the designated right of way in conformity with the plans of the state highway commission and according to his contract, such as where the commission directs him to go upon or take possession of land which it had no right to take or enter. Under many circumstances, the contractor cannot be held responsible; each case depending upon the nature of the act and its result. Hunt-Forbes Construction Co. v. Robinson, 227 Ky. 138, 12 S. W. (2d) 303; Ben Gorham & Co. v. Carter, 228 Ky. 214, 14 S. W. (2d) 749; Perry County v. Townes, supra; Reed v. Ben W. Gorham & Co., supra; Hall v. Ellis & Brantley, 238 Ky. 114, 36 S. W. (2d) 850; Combs v. Codell Construction Co., 244 Ky. 772, 52 S. W. (2d) 719.

Some of the cases cited indicate remedies which may be enforced under certain circumstances against the state highway commission, such as requiring it to abate a nuisance, as in the continuous flooding of property by reason of insufficient or improper drainage, but we do not discuss those remedies, even though that is one of the claims of the plaintiff, as the highway commission is not a party to the suit.

Some of the claims against the county are not legally sustainable, and others are maintainable. The court should permit a reformation of the petition or strike from it the demurrable and inadequate portions. If the county expects to rely upon the deed referred to, it should plead the same.

The parties offered no instruction, except the county asked for a peremptory. The court merely instructed the jury to find the amount of damage, if any, done to the adjacent land of the owner, not to exceed the sum stated in the petition. The second instruction author-

ized nine or more of the jury to make a verdict. These instructions are wholly erroneous. The first set no standard of measurement of damages. The measurement in such a case as this is the same as that in proceedings under a condemnation suit. In an action to recover damages resulting from the taking of land for highway purposes, the verdict must be by all 12 of the jury, since the assessment under provisions of the Constitution is by a jury according to the course of the common law. Franklin County v. Bailey, 250 Ky. 528, 63 S. W. (2d) 622.

The judgment is reversed for consistent proceedings.