## Hendrickson v. Department of Highways.

October 8, 1946.

Cleon K. Calvert and W. L. Hammond for appellant.

Eldon S. Dummit, Attorney General, and C. F. Kelly, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This action was instituted by the appellant against the appellee and Bell County for damages by reason of the alleged taking of private property for public use without just compensation. A demurrer to the petition

filed by Bell County was sustained and no complaint of that action is made here.

The court below directed a verdict for appellee and this appeal followed.

The facts are undisputed. Appellant owns a tract of sixty-one acres of land in Bell County bordering on the Cumberland River. At the Southeast corner of this land there is a small tract of eight acres which is owned by Mrs. R. L. Hendrickson, mother of the appellant, and others. Appellant claims an easement within, or over, this eight acre tract to remove coal from his property, and the damages claimed are based upon the value of that easement.

Highway 25 E formerly paralleled the Cumberland River at the lower end of the two tracts mentioned, but the Highway Department determined to relocate that highway by moving it away from the river to a higher level. In order to do this a new right-of-way had to be acquired through the two tracts of land mentioned. A voluntary conveyance could not be obtained from the appellant and condemnation proceedings were instituted. While such proceedings were pending in the Bell Circuit Court, the litigation was settled by the entry of two agreed orders or judgments under which the appellee paid appellant a total sum of $2,106.25 for the value of the land and improvements taken, incidental damages to the remainder and ''a full and complete settlement and compromise of this action.''

The owners of the eight acre tract voluntarily executed a deed to the right-of-way through that property, which deed was signed by the appellant and his wife.

The tract of land owned by appellant originally contained one hundred acres and was purchased in January 1929, by the appellant and his brother Ruben Hendrickson. In April 1929, Ruben sold his interest to appellant and thereafter parcels were sold from time to time until the tract was reduced to its present sixty-one acres.

There is a seam of coal underlying the two tracts of land which is located between the present location of Highway 25 E and the Cumberland River. It appears from the evidence that before the relocation of the highway appellant was mining this coal through a shaft, or

entry, located on the eight acre tract. The seam of coal is only about 32″ in thickness and includes a 4″ parting about 8″ from the top of the seam. At no time did more than three men work in the mine, and their average daily production was approximately six tons of coal. Appellant had no opening, or entry, to his mining operations other than the entry on the eight acre tract.

In April 1939, Mrs. R. L. Hendrickson deeded the eight acre tract to her son, W. E. Hendrickson, reserving to herself a life estate therein. She also made a reservation in that deed to the appellant as follows:

"* * * There is also reserved for the use and benefit of said George B. Hendrickson a right-of-way for the removal of coal from his property through the drift mouth of the old mine."

In January 1941, Mrs. R. L. Hendrickson, W. E. Hendrickson and his wife, and the appellant George B. Hendrickson and his wife, executed the deed to the Highway Department, conveying to it a right-of-way through the eight acre tract. In the habendum clause it is recited that the conveyance was made for the "purpose of constructing and maintaining a state highway on the land herein conveyed according to the plans of the Department of Highways on file at the office of the Department of Highways, Frankfort, Kentucky, with all and singular the rights and privileges, appurtenances and immunities thereunto belonging or in any wise appertaining." The consideration for this conveyance, as recited in the deed, was:

"The benefits to be derived by the party of the first part from the improvement of the public road leading from Pineville to Barbourville," and the sum of $2,000.

The Treasury Department check for $2,000 was made payable to all of the named grantors in the deed and was endorsed by all of them. In the deed there is the following provision:

"The right to remove coal underlying adjacent land and right-of-way, except traveled surfaces, shoulders and ditches, is reserved. It is understood that removing coal must be done in a manner so as to not create a hazard to the traveling public & the road is to be protected at all times."

Apparently the quoted reservation is appellant's basis for this action. He asserts that this is an easement which was destroyed.

The old mine opening which was used by the appellant in his mining operations prior to the relocation of the highway is located a few feet from the present location of the highway toward the Cumberland River. The entry ran from that point across the present location of the highway through the balance of the eight acre tract and into the sixty-one acre tract owned by the appellant.

It is now claimed that the reconstruction of the highway completely destroyed this reserved easement and that neither the amount paid by the Highway Department in settlement of the condemnation proceedings against the appellant nor the $2,000 paid as consideration for the deed to the right-of-way across the eight acre tract included any sum as damages for such destruction of the claimed easement.

It appears from the evidence that when the one hundred acre tract was purchased by appellant and his brother they paid $6,200 for it. It does not appear how much was received by the appellant from the sale of the various parcels which totaled 39 acres.

As stated, $2,000 was the consideration for the conveyance of the right-of-way across the eight acre tract. The question as to what this $2,000 was paid for naturally presents itself. The right-of-way across this tract was not more than 100 feet wide and 600 feet long. Manifestly, the $2,000 was paid for something more than the actual value of the property taken. The only right or title claimed by the appellant in or to the eight acre tract is the easement reserved to him in the deed from his mother to his brother, and it is the value of this easement which appellant seeks to recover in this action.

Certainly the only reason for joining the appellant and his wife as grantors in the deed was for the purpose of obtaining whatever right, title or interest that he had, or claimed, in the smaller tract. It is likewise certain that when the appellant and his wife were named as payees in the check for $2,000 the payment was intended to be made to him for such interest. This is true notwithstanding the fact he denies having received any proceeds of the check.

Appellant knew, or was charged with the knowledge of knowing, the new location of the highway. He knew the location of the mine opening and must have known that the construction of the highway would destroy that opening. He practically admitted this while testifying in this action when he said:

"In building and constructing the road, they had to move these timbers in order to build a road and went in and built the road over the drift mouth."

The evidence shows that the old entry to the mine can not be used unless an underpass is built under the highway, and it is probably necessary to make a new opening in order to continue the mining operations. This would be expensive. However, it seems clear to us that the $2,000.00 paid to the grantors named in the right-of-way deed did include resulting damage to the mine opening.

In 18 Am. Jur., Eminent Domain, Section 369, it is said:

"Damages to private property by public improvement, when assessed, are assessed once for all, and include all damages sustained by the owner, present or future, by reason of a proper use and maintenance of the public improvement."

In Snyder v. Whitley County, 255 Ky. 741, 75 S. W. 2d 373, 374, it is said:

"There is a clear distinction, and valid reasons for it, between the right of an owner to recover in an action for the damaging, destroying, or taking his land for a public use before he is paid, or secured in the payment of, a just compensation without condemnation proceedings or acquiring title by deed, and where it is acquired in advance for public use by either condemnation or a deed. But, whichever of the three ways the land may be acquired and occupied for a public use, the elements of damages are identical. 'In condemnation suits the sums fixed as compensation cover the value of the property actually taken, and, in addition, the consequential damages to the remaining land.' * * * "The same rules apply where the property is granted for public use by deed,—the consideration given for such deed has the same effect as compensation in condemnation proceed-

ings, so that further recovery for reasonable and authorized use of the property is precluded. Fallis v. Mercer County, supra, (236 Ky. 315, 33 S. W. 2d 12); Sedgwick on Damages, sec. 1109."

In Breathitt County v. Hudson, 265 Ky. 21, 95 S. W. 2d 1132, 1134, the court stated the rule as follows:

"A deed to a right of way, such as the one before us, reciting the consideration to be, in part, the resulting benefits to the grantor's adjacent property by reason of the construction of the highway, forbids recovery for consequential injury to that property, such as hindering ingress and egress because of the elevation or depression of the highway, or the loss of the use of rents or profits of the land, or fencing, or any other damage arising from the proper, prudent, and good-faith exercise of the right to put the land conveyed to the intended use. Fallis v. Mercer County, 236 Ky. 315, 33 S. W. 2d 12; Snyder v. Whitley County, supra; Snyder v. Shelby County, 261 Ky. 118, 87 S. W. 2d 90."

Even though it would be more inconvenient and expensive for appellant to mine the coal located on his property, access to it has not been done away with. At the time he joined in the deed to the Highway Department he was charged with this knowledge, and the consideration for that deed included the value of the easement claimed. Otherwise, there would have been no purpose in making the appellant a party grantor.

Under the principle set forth in the cited authorities we conclude that the judgment of the lower court is correct and it is affirmed.