COMMONWEALTH et al.

v.

MOORE et al.

COMMONWEALTH et al. v. GANDER et al.

Court of Appeals of Kentucky.

March 26, 1954.

Rehearing Denied May 21, 1954.

J. D. Buckman, Atty. Gen., John C. Talbott, Asst. Atty. Gen., for appellants.

Phillip M. Lanier, Pierce Lively and James F. Clay, Danville, for appellees.

CLAY, Commissioner.

We have before us two actions against the Commonwealth for damages allegedly caused by the reconstruction of a highway, which destroyed appellees' tobacco crops in 1951 as the result of the settlement of large quantities of dust thereon. Appellees by deed had theretofore conveyed to the Department of Highways a certain portion of their land for highway purposes. The two cases were submitted to a jury and it awarded damages.

On this appeal the only question presented is whether or not appellees have the right to maintain a suit of this nature. The basis of their claim is that the damage caused constituted the taking of their property within the meaning of Sections 13 and 242 of the Kentucky Constitution. Such a suit is maintainable under proper circumstances. Lehman v. Williams, 301 Ky. 729, 193 S.W.2d 161; Keck v. Hafley, Ky.1951, 237 S.W.2d 527. However, such a suit is not maintainable if the injury arises from a proper use of the public right-of-way dedicated, conveyed, or condemned for public purposes. See Breathitt County v. Hudson, 265 Ky. 21, 95 S.W.2d 1132.

It is contended on behalf of appellees that they are not estopped by their deed,

conveying a portion of the right-of-way because the situation is the same as if the Commonwealth had obtained its rights by way of condemnation. We will assume appellees are correct in this contention, but that does not solve our problem. Essentially the issue is whether or not the damage to appellees' property is of that consequential nature which would have been taken into consideration in fixing the reasonable market value of their land before and after the taking of the strip for highway purposes. If by virtue of the deeds, or as the result of a condemnation proceeding, the Commonwealth had acquired the right to inflict this type of injury as incidental to its right to use the land conveyed for highway purposes, then we do not have a new taking of appellee's property even though damage was suffered.

In our opinion the question narrows to whether or not the spreading of dust in the reconstruction of a highway constitutes a good faith exercise of the Commonwealth's right to put the land conveyed to its intended use.

■ While the use of land for highway purposes is primarily the movement of traffic thereover, obviously this use may not materialize unless some sort of highway is constructed. Construction and reconstruction are necessary incidents of proper use. A natural and reasonable consequence that may be anticipated from such activity is the creation of the condition which developed in these particular cases. The right to cause dust in the proper construction or reconstruction of a highway is one of the incidental rights the Commonwealth acquired with the land purchased. We can see no substantial difference, except possibly one of degree, between the causation of this condition by the passage of ordinary traffic on a highway and the movement of bulldozers properly used in its construction, reconstruction or repair. Surely appellees would not contend that their land was retaken every time a similar condition was created by the movement of vehicles on the finished highway.

■ Appellees contend, however, that the damage they have suffered could not be anticipated at the time the land was acquired for highway purposes. They argue with some force that this type of damage was speculative when the land was acquired and could not have been proven in a condemnation suit. However, with this we cannot agree. As pointed out in Breathitt County v. Hudson, 265 Ky. 21, 95 S.W.2d 1132, above cited, when property is appropriated for public use the compensation to which the landowner is entitled embraces consequential damage to his remaining land, including covering it with debris.

■ An item of damages for taking land for road purposes is the difference between the market value of the remaining land before and after the taking, including incidental damage. See Commonwealth v. Gilbert, Ky.1952, 253 S.W.2d 264. We cannot say that in estimating the difference between reasonable market value of the remaining land before and after the taking it would be improper to take into consideration the effect upon the remainder of the natural and probable results of construction and reconstruction work. Certainly the deposit of dust from normal and proper work upon a highway may be anticipated, similar to the dispersion of smoke and cinders from the operation of a railroad. The latter are proper elements of damage where railroad rights-of-way are condemned. See Chesapeake & O. Ry. Co. v. Blankenship, 158 Ky. 270, 164 S.W. 943.

It is our opinion that the damage caused to appellees was of a consequential nature incident to the prudent and proper exercise of the Commonwealth's right to use the property it acquired for highway purposes. It did not constitute a new taking of their property and consequently they should not have been permitted to recover compensation in these actions. See Oberst and Lewis, Claims Against the State of Kentucky—Reverse Eminent Domain, 42 Kentucky Law Journal, (January, 1954) 163, 177.

The judgments are reversed for proceedings consistent with this opinion.