**COMMONWEALTH of Kentucky, DE-
PARTMENT OF HIGHWAYS,
Appellant,**

v.

**W. T. LITTERAL et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 7, 1958.

Rehearing Denied Jan. 30, 1959.

Jo M. Ferguson, Atty. Gen., Astor Hogg, Dennie Gooch, Jr., Asst. Attys. Gen., for appellant.

Marcus Mann, Benjamin Mann, Salyersville, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, has moved for an appeal from a judgment of the Magoffin Circuit Court awarding $1,000 to W. T. Litteral and Faye Litteral, his wife, as damages resulting from highway construction work that removed lateral support from the Litterals' land. Although we are overruling the motion for an appeal we are writing a formal opinion, because a question of importance is presented.

The removal of lateral support was alleged to have occurred when the Department of Highways, in accordance with its construction plans, lowered the grade of the road in front of the Litterals' land.

The question is whether under the deed from the Litterals' predecessor in title, conveying the right of way and reciting that the conveyance was made in contemplation of the construction of the road in accordance with the plans on file in the office of the Department of Highways, the department acquired the right to remove lateral support, and the Litterals were estopped to

claim damages for this type of injury. Such deeds have been held to bar recovery for "consequential injury," which has been defined to mean such injury as "hindering ingress and egress because of the elevation or depression of the highway, or the loss of the use of rents or profits of the land, or fencing, or any other damage arising from the proper, prudent, and good-faith exercise of the right to put the land conveyed to the intended use." Breathitt County v. Hudson, 265 Ky. 21, 95 S.W.2d 1132, 1134.

We have held specifically that interference with ingress and egress constitutes "consequential injury" for which no recovery can be had. Fallis v. Mercer County, 236 Ky. 315, 33 S.W.2d 12; Meyer v. Jefferson County, Ky., 305 S.W.2d 536. We have made the same holding as to dust injury to crops during construction work. Commonwealth v. Moore, Ky., 267 S.W.2d 531.

In Snyder v. Whitley County, 255 Ky. 741, 75 S.W.2d 373, it was held that removal of lateral support was "consequential injury". We are persuaded to question the correctness of that decision.

The Snyder case held in substance that there was no difference between interference with ingress and egress and removal of lateral support. We now think that there is a material difference. If the highway construction plans call for lowering the grade of the road, it is reasonably to be anticipated that there will be an interference with ingress and egress. But it is not reasonably to be foreseen that the lowering of the grade will remove lateral support. Whether lateral support will be removed may depend upon unknown geological conditions..

In Commonwealth v. Moore, Ky., 267 S.W.2d 531, 532, it was held that dust damage could not be recovered because it was a "natural and reasonable consequence that may be anticipated from such activity." We think the element of reasonable antici-

pation or foreseeability must enter into the determination of what is "consequential injury".

In railroad right of way cases it has been held that the right of way deed does not bar the landowner from recovering for removal of lateral support. Chesapeake & O. R. Co. v. May; 157 Ky. 708, 163 S.W. 1112; Louisville & N. R. Co. v. Colombo, 240 Ky. 102, 41 S.W.2d 672. In the May case, 163 S.W. 1112, 1114, it was said:

"Nor do we find anything in the deed conveying the land to the railroad company that would exempt it from the operation of this section of the Constitution (Ky.Const., sec. 242). There is nothing in this deed that indicates that it was in the contemplation of the parties that any additional land would be either taken, injured or destroyed, or that the railroad might, in the exercise of its business, use this right of way in such a manner as to inflict physical injury upon the property of the grantor in the deed or his successors in title."

It is our opinion that removal of lateral support is not "consequential injury" recovery for which is precluded by a deed conveying a highway right of way. To the extent that Snyder v. Whitley County, 255 Ky. 741, 75 S.W.2d 373, holds to the contrary, it is overruled.

It is no defense that all of the excavation work, which is alleged to have caused the loss of lateral support, was done on the highway right of way and not closer than 10 to 15 feet of the plaintiffs' property line. Louisville & N. R. Co. v. Colombo, 240 Ky. 102, 41 S.W.2d 672.

We think the evidence was sufficient to sustain the finding that the highway construction work did in fact cause the damage complained of.

The motion for an appeal is overruled and the judgment stands affirmed.