COMMONWEALTH of Kentucky, Department of Highways, Appellant,

v.

Victoria McGEORGE, Appellee.

Court of Appeals of Kentucky.

May 22, 1959.

Jo M. Ferguson, Atty. Gen., Astor Hogg, Asst. Atty. Gen., Charles E. Skidmore, Frankfort, F. D. Curry, Harrodsburg, for appellant.

Cleon K. Calvert, Pineville, for appellee.

STANLEY, Commissioner.

In relocating and reconstructing the highway between Pineville and Harlan, the State acquired an 80 foot right of way from Mrs. Victoria McGeorge. The deed, dated April 15, 1953, recites a cash consideration of $1,500 and the "benefits to be derived from the building of the road." During the course of the work, particularly in the construction of an entrance roadway, the adjacent land began to slide. Mrs. McGeorge, through her attorney, made a claim for compensation. In satisfaction thereof and in order to protect the contractor in the work, the Highway Commission acquired an additional width of 45 feet north of the main right of way. This was conveyed by Mrs. McGeorge by a deed dated October 4, 1954. The consideration paid was $900. The deed recites that the property was for a "temporary easement for road construction purposes, which easement terminates upon the acceptance of this project for state maintenance." Other provisions are that the Commonwealth would provide a reasonable rocked entrance way "with a drainage ditch alongside thereof on the cut side of the slope," and "It is further agreed that the grantor is to have the responsibility of maintaining this entrance back of the high-way ditch line." The deed also recites, "The first party [Mrs. McGeorge] also hereby releases and discharges the party of the second part [the Commonwealth] from all claims for damage, past, present and/or future, resulting from the construction of said Pineville-Harlan road."

It appears that during the construction of the access road covered by the second deed of October 4, 1954, a slide from 10 to 15 feet wide and about 180 feet long occurred. This reduced the area of Mrs. McGeorge's vacant parcel of land by 1/10 to 2/10 of an acre.

This suit was brought by Mrs. McGeorge to recover $10,000 damages of the Commonwealth for the value of the land "taken" and "injury to her adjacent land" caused by the removal of the lateral support. A verdict for $250 was returned in her favor. The Commonwealth, through and by The Department of Highways, has filed a motion for an appeal. The appellant recognizes that the amount involved is probably less than the cost of the appeal, but justifies its action as being a matter of principle. The Department points out that the appellee had already received compensation of $2,400 and an access road, and that in the second deed she had covenanted to maintain that access roadway and expressly released the State and Highway Department from "present, past and/or future claims." The appellee maintains that there has been a taking of her land for which the constitutional requirement that just compensation shall be paid cannot be satisfied with benefits resulting to the adjacent land by the construction of the road. No attempt is made to overcome the release save to point out that the grantor and releasor had signed the deed without reading it since she could not read at all. The fact that the grantor was unable to read the deeds which she duly executed is not material here. It appears that she was represented by a competent attorney, and there is no claim of any bad faith or misrepresentation. Nor is there any claim

that the road was not constructed according to the plans and specifications of the Department, which were made a part of the deed by reference.

Overruling previous decisions, we held in Commonwealth, Department of Highways v. Litteral, Ky., 319 S.W.2d 458, that a land slide caused by the removal of lateral support was not to be regarded as a "consequential injury" for which no recovery may be had although the landowner's deed recited that the conveyance was being made in contemplation of the construction and maintenance of the highway, or that part of the consideration was the benefit to be derived by the grantor from the improvement. In the present case, however, the second deed was only of a temporary easement made necessary for the safe construction of an entrance road, and in that instrument the grantor had agreed not only to assume responsibility for its maintenance but had released the State from all claims for damages resulting from the construction of the highway.

We gather from the evidence that the slide in the adjacent land, for which damages were sought, occurred in large part, if not completely, before the execution of the release, which is in the nature of a quitclaim deed. So, the present claim was in existence, though it may have been enlarged during the progress of the work. We think the damage or "taking" for which recovery was sought by this action was within the contemplation of the parties. Regardless of the legal effect and validity of the release of future and unmatured claims, we regard the present claim to have been released for a valuable consideration.

Accordingly, the trial court should have sustained the Commonwealth's plea of estoppel and release as a bar to the action.

The motion for an appeal is sustained and the judgment is

Reversed.