**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Fanny Sally THACKER et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 13, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Reed D. Anderson, Jackson, for appellant.

H. G. Wells, Hazard, for appellees.

STEWART, Judge.

This is an appeal from a judgment of $2000 based upon a verdict returned against the Commonwealth of Kentucky, Department of Highways, herein called "the Department," in favor of Fanny Sally Thacker and others.

Appellees, plaintiffs below, have failed to file a brief and, pursuant to RCA 1.260, we have elected to accept the Department's "statement of the facts and issues as correct."

The question posed is whether Perry County or the Department, as an agency of

the Commonwealth, is liable to appellees for damages for the removal of the lateral support to their land.

A summary of the facts is that in the late 1950's Perry County requested that the Brown's Fork Road in that county be made a part of the state's primary highway system and be reconstructed. Accordingly, the Department, giving its consent, caused a survey to be made and plans to be prepared and, having done this, the Fiscal Court of Perry County, in conformity with KRS 177.060(1), set about to obtain the necessary right of way. There is no dispute that the road was to be built according to the survey and the plans.

KRS 177.060(1) reads: "Except as otherwise provided in this section and in KRS 177.070, all cost of acquiring any necessary land or right of way for primary road purposes and all damages incurred shall be paid by the county."

In order to place itself more clearly within the terms and conditions of the quoted subsection, the Fiscal Court of Perry County on November 25, 1957, unanimously adopted this order in part: "On motion of Bradley Combs, seconded by McKinely McIntosh, it is ordered by the Perry Fiscal Court, that the court assumes, as between it and the Commonwealth of Kentucky, Department of Highways, any liability that might arise growing out of any claim based on failure of properly acquired right of way as shown by plans * * *."

Shortly thereafter Perry County acquired the right of way for the road project and conveyed, or caused to be conveyed, the land to the Department. In due course the contract for the reconstruction of the road was awarded to John Bullock, d/b/a Bullock Construction Company, one of the appellees. After the completion of the road this action was filed by Fanny Sally Thacker and others against the Department, Perry County and John Bullock, d/b/a Bullock Construction Company. Plaintiff-appellees alleged in their complaint that in the reconstruction of the road the lateral support to and adjoining their property was removed, thereby causing breaks and slips to develop so as to render it valueless and uninhabitable. They asked for damages to the extent of $4000.

At the trial a verdict was directed for defendants, Perry County and John Bullock, but the trial court refused, when so moved, to take similar action in behalf of the Department. The case was submitted to the jury at the conclusion of all the evidence with the result heretofore mentioned.

The subsection alluded to requires the counties to pay for the necessary right of ways for roads to be improved or constructed by the Department, and, in addition, to compensate for all damages incurred in the execution of the plans and specifications of a road constructed on the land acquired.

In Breathitt County v. Hudson, 265 Ky. 21, 95 S.W.2d 1132, after stating in general terms that, under KRS 177.060(1), the county is liable for compensation to a property owner where there has been an actual taking or an appropriation of his property, the opinion said: "This embraces permanent, substantial trespass, or invasion, or direct injury, or consequential damage, to the remaining land, such as causing slides and subsidence, or the covering of it with débris, where such act was in accordance with prudent plans of the state highway commission."

These cases are cited as sustaining this ruling: Harlan County v. Cole, 218 Ky. 819, 292 S.W. 501; Terhune v. Gorham, 225 Ky. 249, 8 S.W.2d 431; Perry County v. Townes, 228 Ky. 608, 15 S.W.2d 521; Terhune v. Ben W. Gorham & Co., 229 Ky. 229, 16 S.W.2d 1060; Jones v. Louisville & N. R. Co., 233 Ky. 152, 25 S.W.2d 31; Reed v. Ben W. Gorham & Co., 233 Ky. 215, 25 S.W.2d 377; Barass v. Ohio County, 240 Ky. 149, 41 S.W.2d 928; City of Ashland v. Queen, 254 Ky. 329, 71 S.W.2d 650; Adkins v. Harlan County, 259 Ky. 400, 82 S.W.2d 425.

We are not unmindful, however, of the fact that beginning with Bader v. Jefferson County, 274 Ky. 486, 119 S.W.2d 870, and coming up through Cantrell v. Pike County, Ky., 255 S.W.2d 988, a line of cases has held that a claim against a county is not legally sustainable under KRS 177.060(1) where the Department negligently inflicts damage to that portion of a property owner's tract which was not acquired for highway purposes. Likewise, a contractor building a road is liable for damages resulting from his own negligence or by reason of an unauthorized trespass upon property off the right of way. See Combs v. Codell Construction Co., 244 Ky. 772, 52 S.W.2d 719.

In the case at bar, the trial court found the road was constructed in strict compliance with the plans and specifications of the Department and, for this reason, a verdict was directed in favor of John Bullock, the contractor who built the road.

A recovery by appellees from the Department was sought upon the theory that there was a taking of their land, because there was a destruction of a portion of it, and this fact, they alleged, entitled them to compensation from the Department alone under the provisions of Section 13 or Section 242 of the Constitution of Kentucky.

The plans for the construction of the road called for a cut down the side of a hill which would leave an embankment alongside appellees' property. The breaks and slips that occurred were an incident, a direct consequence, of carrying out the plans and specifications in the building of the road. As the road was constructed in a proper manner by the contractor, and as it was built in accordance with the terms and conditions of KRS 177.060(1), an obligation was imposed upon Perry County, not only to obtain the necessary right of way, but also to pay for any damages incurred by the property owners, appellees herein.

In the light of what we have stated the Department is not liable to appellees for the damages they allegedly sustained.

Wherefore, the judgment is reversed with directions that it be set aside and a new one entered dismissing appellees' claim as to the Department.