CASE 73—PETITION ORDINARY—JANUARY 16.

# Livezey v. Schmidt.

APPEAL FROM CAMPBELL CIRCUIT COURT.

IT IS AN ACTIONABLE NUISANCE for a person to deposit anything of a noxious character upon his land which, either by being carried by rains upon the surface or by percolation through the soil upon the premises of another, produces injury to him in any way. But a person is not liable for a nuisance to which he has not contributed. Therefore, where one has suffered injury solely by reason of the natural flow of water from his neighbor's premises, he has no right of action against his neighbor.

In this action to recover damages for injury to the health and comfort of plaintiff's family, alleged to have resulted from the act of defendant in placing heaps of manure upon his premises in such a position with reference to plaintiff's dwelling as caused the drainage in wet weather to pass through the manure and into defendant's cellar, the theory of defendant being that the flow of water into plaintiff's cellar was through or from the manure on defendant's premises, the court erred in giving an instruction to the jury mak-

ing defendant liable if the water flowed from his premises onto the premises of plaintiff, causing an injury, without regard to whether defendant had contributed to the injury.

L. J. CRAWFORD FOR APPELLANT.

1. One who is merely chargeable with the continuance of a nuisiance is entitled to a notice to remove it before he can be sued. (Gleason v. Schneider, &c., 7 Ky. Law Rep., 834.)
2. The court erred in omitting the element of negligence from the instructions.

THOMAS P. CAROTHERS FOR APPELLEE.

1. The petition states a cause of action. (Kinnaird v. Standard Oil Co., 89 Ky., 468.)
2. There was evidence of negligence on the part of Livezey.
3. One who has created a nuisance is not entitled to notice to remove. (Gleason v. Schneider, 7 Ky. Law Rep., 834.)
    But as matter of fact notice was given in this case.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant and the appellee own and live upon adjoining lots, and the stables of the appellant being near the dwelling of the appellee, it is alleged by the latter in this action that the appellant placed heaps of manure from his stable and the offal from his premises in such a position with reference to appellee's dwelling as caused the drainage in wet weather to pass through this filth and into the cellar of the house in which the appellee and his tenants lived, making the water impure and injuring the health and comfort of himself and family, &c.

The facts alleged present a cause of action, and the evidence on the part of the appellee conduces strongly to show that this deposit of filth was of such a character as to make it a nuisance, resulting in injury to the plaintiff and his premises, and for which an action could be maintained.

It is laid down in Wood's Law of Nuisances, that it is "an actionable nuisance for a person to deposit anything of a noxious character upon his land, which, either by being carried by rains upon the surface, or by percolation through the soil, upon the premises of another, produces injury to the waters of a well, or to his crops or otherwise." To the same effect is the decision of this court in the case of Kinnaird v. Standard Oil Co., reported in 89 Ky., 468.

If, therefore, the only testimony in this case was that introduced by the plaintiff, there would be no reason for disturbing the judgment below, but on the side of the defendant there is testimony tending to show that this water, flowing or draining into the cellar of the appellee, is the result of natural causes and not from the act of the appellant, and that the drainage of water is not through or from this manure pile onto appellee's premises.

The theory of the defense is that the peculiar location of the ground or dwelling of the appellee with reference to that of the appellant is such that the natural flow of the water leads it from the premises of one to the premises of the other, and evidence was introduced to show that other dwellings located on the same character of ground and in the same neighborhood, were affected in like manner after heavy rains. The testimony being conflicting, the issue of fact was with the jury, and the only question proper to be considered arises upon the instruction given for the plaintiff. This seepage or drainage, when the result of the peculiar location of the ground and resulting alone from natural causes, the act of the party

charged contributing in nowise to the creation of the nuisance, can not be made the subject of an action; or, as expressed in the text-books, "in order to create a *legal* nuisance, the act of man must have contributed to its existence."

Under the state of case presented the court told the jury that, "if from the evidence, some part of the falling water from defendant's stable, or some part of the surface or falling water upon defendant's premises, flowed or seeped upon, against, through, or to, or into any part of plaintiff's premises, in any way, or to any extent, and find that some part of his said premises were injured thereby, made damp, unwholesome or uncomfortable, the jury should find for the plaintiff in such damages as he sustained thereby, as the natural and proximate consequence thereof, not exceeding the amount claimed in the petition." The mere converse of the propositions presented for the plaintiff were given as the instruction for the defendant.

These instructions make the appellant liable, whether the injury to the plaintiff resulted from natural or artificial causes, and required the jury to find for the plaintiff if the water flowed from the barn or premises of the defendant onto the premises of the plaintiff, causing an injury. The fact that the defendant must have committed some act causing the nuisance, seems to have been overlooked; for if he did not, either by himself or his employes, do that which created the nuisance, no responsibility exists. However injurious the natural flow or drainage from the land of one upon or through the land of another may be, there is no action for the injury, as a nui-

sance can not be said to exist in a legal sense from the failure of one to change the flow of water that springs from nature itself, and not from the act of the owner.

For the reasons indicated the judgment is reversed, and remanded with directions to award a new trial, and for proceedings consistent with this opinion.