## Gott et ux. v. Franklin.

May 18, 1948.

Fritz Krueger for appellants.

Edwin R. Denney for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming in part, reversing in part.

Appellants, W. R. Gott and wife, own their home in Mt. Vernon, Rockcastle County, which adjoins and lies just north of a house and lot owned and occupied as a home by appellee, Mattie E. Franklin. The Franklin property is situated on the north side of West Main Street. Adjoining this property on the west is a house and lot owned by George Parrott, where he and his family reside. The Parrott lot does not extend north a great distance and behind it and the Franklin house and lot is a plot of something over an acre, which is owned by Mrs. Franklin and used by her as a garden.

This garden plot of Mrs. Franklin extends north to the property of the Gotts. On the east boundary of the Franklin garden is an open drainage ditch which runs north until it hits the line of Chris Mullins, whose lot adjoins the Gott property on the east. At the Mul-

lins lot this drainage ditch turns practically at right angles to the west and then runs west by the Mullins and Gott lots and along the northern boundary of the Franklin garden. When this drainage ditch reaches the eastern boundary of the Franklin property, it makes a right angle turn to the north and runs across the Gott lot. This open drainage ditch has been in existence for more than thirty years.

The entire area just described is low land and inclined to be marshy. The Gotts admit this open ditch is a natural drain and they make no objection to it traversing their lot. They further admit their property is lower than that owned by Mrs. Franklin and surface water naturally drains from her lot onto theirs.

Before this action was instituted on July 26, 1945, Mr. Gott put a barricade in this open drainage ditch, thereby diverting the water onto Mrs. Franklin's garden. She then filed this suit asking a mandatory injunction to compel the Gotts to open the ditch and allow the water to flow unobstructed in its natural course. By answer and counter-claim the Gotts averred that Mrs. Franklin was running sewage from toilets and septic tanks into this open ditch and same was being deposited on their land; that Mrs. Franklin had constructed artificial drains and ditches on her lot which accelerated and increased the flow of surface water from her lot upon the Gott property. The Gotts asked that Mrs. Franklin be enjoined from running sewage onto their lot and from accelerating and increasing the natural flow of surface water onto their property by means of artificial drains and ditches.

For some undisclosed reason the chancellor erroneously sustained a general demurrer to the answer and counter-claim. However, this error was harmless as the Gotts filed an amendment containing in effect the same averments, to which Mrs. Franklin replied, thus forming the issues. Mrs. Franklin's motion ''to impanel a jury to hear the issues of fact made by the pleadings'' was sustained.

The Gotts proved that some sewage was deposited in the open drainage ditch, but they did not show it came from Mrs. Franklin's home or that she permitted others to run sewage into this ditch. The evidence

shows that Mrs. Franklin had no septic tank on her property, but that her home was connected with one on the lot of Parrott, who ran the overflow pipe from his tank down to within a few feet of the Gott property. This overflow pipe was buried and the record does not show that it deposited any water or sewage on the Gott lot. If it did, the Gotts' cause of action would be against Parrott and not against Mrs. Franklin, just as their action to prevent the running of sewage in the open ditch was against the persons who committed the act and not against Mrs. Franklin, whom the proof showed had run nothing into that drain. 30 Am. Jur. secs. 32-33, pp. 313-314; Livezey v. Schmidt, 96 Ky. 441, 29 S. W. 25, 16 Ky. Law Rep. 596.

Mrs. Franklin admitted on the witness stand that she had two ditches dug in the southern part of her garden, buried tile in them and ran the tiles across the garden and they emptied into the open ditch which formed her northern boundary before it turned and ran across the Gott property. There was some testimony that a drive-way was constructed between the Parrott and Franklin homes down which water came and ran onto the Franklin garden and these tile ditches were made to take care of that water. Mrs. Franklin and her husband testified that these tile ditches were constructed to and did accelerate the drainage of the garden. Mr. Gott testified that these tile ditches were run into the open drainage ditch and so increased the flow of surface water from the Franklin property onto his lot that it became a "lop-lolly up to your knees."

The only issue the chancellor submitted to the jury was whether Mrs. Franklin ran sewage onto the Gott property. The jury's finding that she did not is supported by a great preponderance of the evidence and the chancellor correctly adjudged that Mr. Gott must remove the barricade he constructed in the open drainage ditch which obstructed the natural flow of water through the same. But the chancellor erred in holding that the tile ditches did not materially increase the flow of surface water onto the Gott property and that the evidence failed to show any damage to it and in failing to grant the Gotts any relief on this item.

The long-established rule is that where two proper-

ties join and one is lower than the other, the lower must necessarily be subject to the natural flow of surface water from the upper one, but the owner of the higher ground has no right to rid his land of surface water by excavations or by collecting it in artificial channels when it naturally flows through several channels and thereby accelerate or increase the flow onto the lower ground. Maynard v. Maynard, 152 Ky. 623, 153 S. W. 980; Pickerill v. City of Louisville, 125 Ky. 213, 226, 100 S. W. 873, 30 Ky. Law Rep. 1239; Stone v. Ashurst 285 Ky. 687, 149 S. W. 2d 4.

Had Mrs. Franklin not dug and tiled these two ditches, the proof shows that this surface water would have spread out and seeped into her garden and but little of it would have found its way onto the Gotts' lot. By artificial means she has collected water on her garden and has caused it to flow onto the Gott property in accelerated and larger quantities than it otherwise would have done. Thereby, she is causing a constant and recurring trespass upon the Gott property and the chancellor should have granted the Gotts the relief they asked and have required Mrs. Franklin to remove or close the two ditches she dug and tiled in her garden, just as he required Mr. Gott to remove the barrier he constructed in the open drain. Grinstead v. Sanders, 56 S. W. 665, 22 Ky. Law Rep. 51; Wharton v. Barber 188 Ky. 57, 221 S. W. 499; Stone v. Ashurst, 285 Ky. 687, 149 S. W. 2d 4.

Nothing said in this opinion is in conflict with Board of Trustees of Town of Auburn v. Chyle, 256 Ky. 283, 75 S. W. 2d 1039, as the facts in that case distinguish it from the instant one.

That part of the judgment is affirmed which required Mr. Gott to remove the barricade from the open drain. So much of the judgment as refused to require Mrs. Franklin to remove or close the two tile ditches in her garden is reversed with directions that one be entered requiring her to remove or to close these two tile ditches.

The judgment is affirmed in part and reversed in part.