### RUTHERFORD et al. v. LOUISVILLE & NASHVILLE R. CO. et al.

Court of Appeals of Kentucky.

Nov. 30, 1951.

George R. Pope, Harlan, for appellant.

H. L. Bryant, Pineville, James Sampson, Harlan (J. C. Baker, Harlan, and C. S. Landrum, Lexington, of counsel), for appellee.

CLAY, Commissioner.

The four plaintiff appellants sued the Louisville & Nashville Railroad and one Bassham for damages caused by water overflowing their lands after passing through a drainage ditch constructed by the latter. The trial court directed a verdict for both of the defendants, on the ground that the ditch was in existence prior to the time plaintiffs purchased their properties.

Near Shields, Kentucky, the railroad right of way traverses Bassham's property, and parallels a branch of the Cumberland River. Natural drainage flows from the upper side of the right of way down through his land, over or under a state highway to the river. In the summer of 1946 Bassham dug a ditch from a 24 inch culvert under the right of way to a 22 inch culvert under the highway. When plaintiffs subsequently bought their properties in the vicinity of this ditch, it did not carry much water because little, if any, came through the upper culvert under the right of way.

After plaintiffs purchased their properties, L & N dug out a new ditch, or widened and deepened an old one, on the upper side of its tracks. A mound was built to divert the water through the 24 inch culvert and into Bassham's ditch. As a result, this greatly increased the flow in the lower end near plaintiffs' properties, and the smaller 22 inch culvert under the highway was not large enough to carry it off. Water causing the damage complained of backed up on the plaintiffs' properties.

■ Since Bassham's part of the ditch was constructed by him prior to the time plaintiffs bought their properties, and since there is no evidence he and the L & N acted in concert in creating the overflow, the trial court properly directed a verdict for him.

The directed verdict for the L & N presents a more serious question. There was substantial evidence that water accumulating on the upper side of its right of way at the time plaintiffs purchased their properties drained over or under the right of way down through Bassham's property at points other than through his ditch. There was also evidence that when the L & N dug out its ditch in the fall of 1947 with a steam shovel, it was constructing an entirely new drainage system, or was at least materially changing the old one.

■ It is an accepted principle that a lower estate is subject to the servitude of the natural flow of surface water from up-

per estates. Pickerill v. City of Louisville, &c., 125 Ky. 213, 100 S.W. 873; Dugan v. Long, 234 Ky. 511, 28 S.W.2d 765. However, the owner of a lower estate may recover damages from the owner of an upper estate if the latter unreasonably changes the natural course of the water or causes it to collect and be cast upon the lower estate in an unnatural volume or in an unusual or swift stream; or if he diverts water from the ordinary channels and casts it upon a lower estate at a point which would not have been its natural destination; or if he collects in one channel waters usually flowing onto his neighbor's land by several channels and thereby increases the flow on the lower ground. 56 Am.Jur., Waters, Section 71; Stone v. Ashurst, 285 Ky. 687, 149 S.W.2d 4; Gott v. Franklin, 307 Ky. 466, 211 S.W.2d 680.

■ We think sufficient evidence was presented by the plaintiffs in this case from which a jury could find that the L & N unreasonably subjected their properties to a servitude involving more than the absorption of the natural flow of water from the upper estates. The trial court was apparently of the opinion that even if this was so, when plaintiffs purchased their properties the existing conditions were such that they were put on notice of the burden their properties were to bear. It seems to us, however, that if plaintiffs had, with knowledge of Bassham's ditch, investigated the source of drainage it was to accommodate, such investigation would not necessarily have disclosed the condition which caused an excessive diversion of the surface water through this particular channel.

The evidence would support a jury finding that when L & N subsequently built a new ditch or so enlarged its old ditch as to overload the highway culvert, it unreasonably caused the flooding condition which damaged plaintiffs' properties. The jury could likewise conclude that the plaintiffs, with the notice they had, were not bound to anticipate this substantial change in the drainage situation. Such a conclusion would not have been flagrantly against the evidence, and therefore a ver-

dict should not have been directed for
L & N.

The judgment is affirmed on the appeal
against Pearl Bassham, and is reversed
on the appeal against the L & N for pro-
ceedings consistent with this opinion.