v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 24, 1960.

LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellant,

v.

Mary Elizabeth BUSH, Appellee.

Court of Appeals of Kentucky.

June 24, 1960.

Henry L. Bryant, Pineville, J. M. Terry, James F. Wheeler, Louisville, for appellant.

James S. Green, Jr., Harlan, for appellee.

MILLIKEN, Judge.

The issue here is whether the railroad increased the flow of surface water across the land of appellee.

The appellee, Mary Elizabeth Bush, is the owner of low land adjacent to a fill or embankment on which the Louisville & Nashville Railroad Company (hereinafter referred to as the Company) has its tracks. The land on the other side of the railroad fill is higher and would drain normally across the Bush land into Poor Fork of the Cumberland River, if it were not prevented from doing so by the railroad fill. A stone culvert, cut through the fill at the time the railroad was constructed, at one time was the conduit through which the water from the upper land drained across the lower property on the way to Poor Fork. The culvert was clogged often in later years and impounded water on the higher land on the opposite side of the the Company right-of-way so that, in 1954, the railroad ran a metal drain pipe under its tracks through the fill about a foot and a half above the old stone culvert, and ceased trying to keep the latter clear of debris. The new metal culvert is about half the size of the old stone culvert. The property of appellee was damaged by sur-

face water which the appellee claimed the Company caused to be gathered on the higher land and caused to flow in larger volume and great force onto her land with consequent damage. In a hearing before the trial court without a jury, the court found for the appellee (plaintiff below) and awarded her damages in the amount of $2,000.

■ The liability of the Company, rather than the amount of damages, is the issue on appeal. For the Company to be liable, it must be shown that it tapped an additional watershed which naturally would not flow across the appellee's land. As stated in Jarvis v. Cornett, Ky., 257 S.W.2d 524, 525:

"The owner of the upper estate may drain and ditch his land for the purpose of carrying off surface water therefrom into natural channels by building sewers, gutters and culverts thereon, without liability to the owner of the lower estate, even though such methods of ridding his property of surface water accelerate and increase the flow of the same onto the lower estate, so long as he does not tap water from additional watersheds or divert water from natural drains which otherwise would not have flowed onto the lower estate. As a necessary corollary the upper proprietor is not liable for any increase in the volume of water accumulating in a natural drain due to the erection of houses on his land. See Wallace v. Schneider, 310 Ky. 17, 219 S.W.2d 277, wherein this subject is treated exhaustively."

■ In the case at bar, there is no evidence which establishes that the Company did anything to add drainage from another watershed onto the appellee's property. Four or five years before building the new culvert the Company did dig a drainage ditch along its property on the higher land on the other side of the embankment for the purpose of preventing the collection of surface water on the higher land, but it clearly was entitled to do this as the authority quoted discloses. Furthermore, the railroad embankment was built in 1911 or 1912 and the appellee, a long time resident of the area, was familiar with the locale when she purchased her property in 1941. The drainage ditch along the appellee's property was not the responsibility of the Company, was not on Company property and, as a consequence, an overflow from it cannot be the basis of liability on the part of the Company unless it could have been shown that the Company increased the volume of water which normally would have drained through the new culvert into the ditch.

The trial court and the appellee relied on Rutherford v. Louisville & N. R. Co., Ky., 243 S.W.2d 1017, in holding and asserting that the Company is liable in this case. However, a careful reading of that case discloses the basic factual distinction which differentiates it from the case at bar. In Rutherford v. Louisville & N. R. Co., supra, the Railroad Company had not only built a new ditch or widened and deepened the old one, but had also diverted more water into the pipe by building a mound. The court also noted that there was sufficient evidence to show that the lower estates were being subjected to more than the absorption of the natural flow of water from the upper estates—an increase in the natural flow or area drained.

In the present case, it is not contended that the appellee's property was subject to more than the natural flow. Surface water from as far as the south slope of Pine Mountain flows toward the Poor Fork by way of a ravine which empties into the culvert. With the pipe or culvert conducting it through the embankment, the water then proceeds to flow toward the appellee's land where it accumulates because the drainage ditch there is clogged and a ridge or levee constructed along the bank of Poor Fork (to prevent overflow from Poor Fork) stops the surface water from flowing into Poor Fork in a normal manner. In this case the Company did not

change the natural course of the water, nor did it cause the water to collect and be cast upon the lower estate in an unnatural volume or in an unusual or swift stream.

For the reasons stated, the judgment is reversed.