COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

John J. VANDERTOLL et al., Appellees.

Court of Appeals of Kentucky.

Oct. 9, 1964.

As Modified on Denial of Rehearing
March 26, 1965.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Marshall B. Woodson, Jr., Louisville, for appellant.

James Boswell Young, Louisville, for appellees.

STEWART, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court holding appellant, Commonwealth of Kentucky, Department of Highways, had no authority to condemn a certain parcel of land belonging to appellees, John J. Vandertoll and his wife, Marteyna, because, as found by the trial court: "No reasonable necessity is shown by appellant for the taking of land in excess of that shown on the maps of appellant for the requirements of the highway itself, and therefore, such taking constitutes an abuse of discretion."

The property, consisting of 25 to 30 acres, is located on the edge of Seneca Park in the City of Louisville. It was acquired by appellees in February, 1962, from the Presbyterian Theological Seminary for $135,000. Since 1960, it has been known that Interstate Route 64, herein referred to as "I-64," would eventually bisect this property, and that appellant was interested in ac-

quiring a right of way across the tract. At the time of purchase appellees were aware of the possibility of condemnation of this acreage of land or a portion of it.

In March, 1962, appellant received permission from the United States Bureau of Public Roads to purchase the entire tract, with federal participation to be limited to that portion actually used for a right of way, including any damages assessed to the remainder. Appellant then offered appellees $135,000 for the entire tract which, as noted above, was the purchase price paid by appellees some two months before. Appellees countered with an offer to sell at $260,-000 which was rejected.

In May, 1962, appellant filed a condemnation proceeding in the Jefferson County Court, claiming the acquisition of the land was required for the public purpose of constructing and maintaining I-64. The commissioners appointed appraised the land at $141,790, but the county court held appellant was not authorized to condemn the land because:

(1) Appellant did not bargain in good faith with appellees; and (2) no reasonable necessity was shown for the taking of land in excess of that strip actually to be used for the highway itself.

The first contention is groundless. The record shows conclusively appellant made appellee a bona fide offer of $135,000 for the property before this proceeding was begun.

Condemnation proceedings were begun pursuant to a work order issued by the Commissioner of Highways which stated "the interest of public will be best served by the acquisition of the entire lot or tract." The work order further recited that the tract was to be used for the highway and other necessary auxiliary facilities, including but not limited to connecting and frontage roads, elevation of adjustments, road crossings by overpass or underpass, drainage installations and roadside parks.

It was brought out that a strip about 300 feet wide stretching across the middle of this tract would be utilized for the travel portion of the highway. Appellees claim, and the trial court agreed, there is no necessity for the condemnation of the remainder of the land and, therefore, the attempted condemnation of the tract as a whole is not authorized.

KRS 177.081 states, in part: "* * * [T]he condemnor's decision as to the necessity for taking the property will not be disturbed in the absence of fraud, bad faith, or abuse of discretion." Commonwealth v. Burchett, Ky., 1963, 367 S.W. 2d 262, in discussing this statutory provision, held that when the department of highways by official order determines that an acquisition is necessary a condemnee, in order to defeat such an acquisition, has the burden of proving fraud, bad faith, or abuse of discretion.

Here, appellant proved that plans for the highway are not "finalized." Commissioner of Highways, Henry Ward, testified the land would be used for a roadside park and rest area and that a pedestrian crosswalk is contemplated at this site. He stated that the department of highways wishes to preserve, as far as possible, the park-like atmosphere of the area, for the reason that it is situated next to Seneca Park. He also mentioned that the median strip of the travel portion of the highway might be extended from the usual 45 feet to 60 feet.

Previous cases on this subject, such as the Burchett case, supra, Craddock v. University of Louisville, Ky., 303 S.W.2d 548, and Perry County Board of Education v. Deaton, 311 Ky. 227, 223 S.W.2d 882, all uphold the view that the courts cannot review the exercise of discretion of a condemning body, unless such body has acted arbitrarily or in excess of its authority.

In the closing portion of the opinion in the Burchett case, supra, it is pointed out that the judicial branch of gov-

ernment may not be called upon to question the discretionary power of an agency of the executive branch in order to determine what is in the public interest, including what particular property is needed in connection with a valid public project, unless there has been such a clear and gross abuse of discretion as to violate Section 2 of the Constitution of Kentucky, which section is a guaranty against the exercise of arbitrary power.

In the case at hand, appellees failed to establish even a scintilla of fraud, bad faith, or abuse of discretion upon the part of appellant in its proceeding to condemn appellees' tract of land. It follows that the finding of the trial court was clearly erroneous under CR 52.01 in determining that necessity did not exist for taking the entire acreage.

Wherefore, the judgment is reversed for further proceedings not inconsistent with this opinion.