**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Earl ROBBINS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 1, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Dept. of Highways, Frankfort, Carl T. Miller, Jr., Jackson, for appellant.

Hunter M. Shumate, Shumate & Flaherty, M. V. Mainous, Irvine, for appellees.

STEINFELD, Judge.

This is an action to recover damages for wrongfully causing water to collect on appellees' land. From a judgment awarding the claimants $4,500.00 the Commonwealth, Department of Highways appeals. We affirm.

Earl and Nancy Robbins (whom we will refer to as Robbins) own a lot on Main Street in Irvine, Kentucky. Formerly it was 400 feet deep and 75 feet wide. In 1963 for the construction of a highway the Commonwealth, through its Department of Highways, condemned the rear 15 to 18 feet of that lot. An agreed order settled "the case for the sum of $600.00 paid as consideration for the property taken.", and directed the master commissioner to execute a deed conveying the title to the Commonwealth in fee simple. A deed was prepared and approved by the attorneys for the litigants, which "deed recited the consideration to be $600.00 to the defendants for the land taken * * *, and for all other damages both present and prospective, * * * ".

About two years later Robbins brought the present action against the Department of Highways in which they claimed that in constructing the highway "it wrongfully and contrary to law, through its drains caused an increase in the natural flow of water on their premises * * *" to their damage "in the amount of $20,000.00". They also contended that to the extent of the damage claimed "they have been deprived of their property without due process of law under the United States and Kentucky Constitutions."

In addition to denying all allegations of the complaint, the Department's answer stated that the complaint did not state a cause of action, that the Commissioner's deed estopped the Robbins from proceeding, that the statute of limitations was a bar, and that if the property was damaged it was on account of an act of God, an unprecedented rain.

Before trial the Department moved for judgment on the pleadings (CR 12.03) which motion was overruled. With leave, Robbins filed an amended complaint in which they alleged that the Department had "carelessly and negligently constructed the highway * * * by gathering all of the water on an adjacent hillside for a distance of approximately 560 feet in conveying same to the premises of the plaintiffs by constructing a culvert on said highway * * *. The plans and specifications for construction of said highway were never exhibited to the plaintiffs and the plaintiffs had no knowledge of said plans and specifications."

■ In moving for judgment on the pleadings the Department admitted (for the purpose of the motion) the truth of the allegations in the complaint and the amendment. Archer v. Citizens Fidelity Bank and Trust Co., Ky., 365 S.W.2d 727 (1963).

■ The first claim of error is that the motion for judgment on the pleadings should have been sustained. The Department says that "Appellees did not file a re-

ply denying" the allegations of the answer which stated that Robbins "were estopped by deed from maintaining this action." No reply was necessary. CR 7.01. The averments of the answer stood denied. CR 8.04.

The Department argues that the agreed order and commissioner's deed had been filed as exhibits and that these proved that Robbins were estopped. The Department relies on Meyer v. Jefferson County, Ky., 305 S.W.2d 536 (1957). There the claim was for closing the road and changing the grade but Meyer admitted that the plans and specifications were followed. Here Robbins testified that he had never seen the plans and specifications, and he sues for negligence and for a taking of his property (reverse condemnation). The Department argues that "as far back * * * Breathitt County v. Hudson, 265 Ky. 21, 95 S.W.2d 1132 (1936) * * * this Court has held that the grantor is not entitled to additional compensation for consequential injury to his property from the construction of a highway in accordance with the published plans." Hudson forbids "recovery for consequential injury * * *, such as hindering ingress and egress because of the elevation or depression of the highway, or the loss of use of rents or profits of the land, or fencing, or any other damage arising from the proper, prudent and good-faith exercise of the right to put the land conveyed to the intended use." The action before us is not of the type in Meyer or Hudson.

Other cases cited by the Department do not persuade us that this action is not governed by Commonwealth v. Litteral et al., Ky., 319 S.W.2d 458 (1959) wherein we said: "We think the element of reasonable anticipation or foreseeability must enter into the determination of what is 'consequential injury'." Counsel for the Department does not argue that Robbins should have foreseen that the taking of the strip off the rear of their lot for the construction of the highway would result in the constant inundation of the remainder of their land. Robbins gave no such authorization

and the Commonwealth obtained no easement to use the remainder of their land for that purpose.

█ Commonwealth v. Davidson et al., Ky., 383 S.W.2d 346 (1964) relied on by the Commonwealth is not in point. In that case we said: "Thus, there has been no taking, destruction, or injury to the Davidsons' property other than authorized by the deeds * * *." Recovery for water damage has been allowed against the Commonwealth. Commonwealth v. Kelley, 314 Ky. 581, 236 S.W.2d 695 (1951); Department of Highways v. Corey, Ky., 247 S.W.2d 389 (1952); Commonwealth v. Smith, Ky., 388 S.W.2d 362 (1965). The Department was not entitled to judgment on the pleadings. Spencer v. Woods, Ky., 282 S.W.2d 851 (1955), 7 Kentucky Practice, Clay 203.

The issues were tried and the jury reached a verdict that the claimants should recover $4,500.00. After overruling a motion for a new trial the court entered judgment in accordance with the verdict.

Robbins testified that the highway was constructed along a hillside down to and past Robbins' property, that the only provision for water is a ditch that runs from the mountain along the highway to back of their property and turns into a culvert constructed when the highway was built, which culvert opens onto the Robbins' property. He said the ditch catches all the water flowing off the mountain and all the property below for a distance of about 575 feet. The following is quoted from his testimony:

"Q. 16 Is the culvert on your property?

A. Yes, sir, it is on my property or it opens on to my property.

Q. 17 Where did this water go before this ditch was constructed there?

A. The water was spreading evenly on the backs of all the property I named a while ago. It came off the hillside of the mountain and on to these people's back yards and was distributed more evenly there.

Q. 19 Tell whether or not more water is dumped on your property there after the construction of this highway than there was before?

A. Yes, sir, and you don't have to be an engineer to see that. Anyone can look and tell more water is being moved on me than there was before.

Q. 20 Does that water empty on to your property by a culvert constructed by the highway?

A. It does.

Q. 21 Then where does it run?

A. It runs in a ditch between my property and the Christian Church property, the parsonage, down to the rear of my house and it all drains down in my back yard.

Q. 22 State whether or not you had any trouble with the water before this highway was constructed?

A. I never had no water problem at all before that I know of.

Q. 23 What was the condition of your basement there before this construction was done?

A. My basement was dry.

Q. 25 What had been the result of the water since the highway was built, in regard to your property?

A. Everytime I have a good rain the water stands in my back yard and mud settles under my house and in my yard and the underpinning is wet all the time

and our lot is wet and there is no cure for it under the present circumstances. The property there stays wet and it was never wet before that I know of."

Others testified that a little rain causes water to collect in the yard to a depth of 12 to 14 inches where it sometimes stands for weeks, which condition did not exist before the construction. Robbins admitted that his land is lower than surrounding land and that long before the highway was built a drain was installed to carry water away from his land.

At the close of all proof for Robbins the Department moved for a directed verdict (CR 50.01) "because Plaintiff has failed to show * * * that the * * * Department has caused damage by any qualified or expert witness; * * * (that) they haven't shown this is not caused by the drains being stopped up or by an act of God or excessive rains; (that) the Department * * * is the cause of the water standing there. They haven't produced any evidence of probative value that would support a verdict that the * * * Department * * * is responsible for the wetness there."

The court overruled the motion. The Department relies on Louisville Hydro-Electric Company v. Coburn, 270 Ky. 624, 110 S.W.2d 445 (1937). There the claimant asserted that a river dam or embankment was neligently constructed in that culverts or openings should have been constructed through which water could have escaped. We held that this was "a technical engineering problem, and only one possessing expert knowledge of the subject could express an intelligent opinion as to the proper method of constructing the dam * * *".

■ We have held that for a proper understanding of that which requires scientific or specialized knowledge and which cannot be determined intelligently from testimony on the basis of ordinary knowledge gained in the ordinary affairs of life, expert testimony is needed. Louisville & N. R. Co. v. Conn, 179 Ky. 478, 200 S.W. 952 (1918). However, "a party is not necessarily required to resort to expert opinion testimony merely because his case involves matters of science, special skill, special learning, knowledge, or experience which may be difficult of comprehension of jurors." 31 Am.Jur.2d 514, Expert and Opinion Evidence, Sec. 19. In Salem v. United States Lines Co., 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962) the rule was stated:

"This is not one of the rare causes of action in which the law predicates recovery upon expert testimony. See Wigmore, Evidence (3d ed. 1940), §§ 2090, 2090a. Rather, the general rule is as stated by Mr. Justice Van Devanter, when circuit judge, that expert testimony not only is unnecessary but indeed may properly be excluded in the discretion of the trial judge 'if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation * * *' United States Smelting Co. v. Parry, 10 Cir., 166 F. 407, 411, 415. Furthermore, the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous. Spring Co. v. Edgar, 99 U.S. 645, 658, 25 L.Ed. 487, [490]."

It is our opinion that the testimony of an "expert" was not essential. 32 C.J.S. Evidence § 569(1) e, p. 612.

■ There was sufficient evidence of probative value for the jury to find that the Department without right had created on Robbins' land the condition of which they complained and that had not theretofore existed.

■ The Department also argues that in addition to there being no expert testimony

there were "numerous admissions which were damaging to appellees' case". It argues that Robbins having admitted and others having stated that the back yard was lower than any of the surrounding property Robbins may not recover. This testimony had evidential value but was not conclusive. Bringardner v. Knuckles, 269 Ky. 567, 108 S.W.2d 511 (1937). It was for the jury to consider. Carroll v. Maywood, 331 F.2d 303, (CCA 6) (1964).

█ Here surface water is unreasonably diverted from its natural course of drainage, and is cast upon land on to which that surface water had not previously flowed, therefore, the person or persons causing the diversion are liable for resulting damage. Grinstead v. Sanders, 56 S.W. 665, 22 Ky. Law Rep. 51 (1900); Wharton v. Barber, 188 Ky. 57, 221 S.W. 499 (1920). In Pickerill v. City of Louisville, 125 Ky. 213, 100 S.W. 873, 30 Ky.Law Rep. 1239 (1907) we held that the owner of upper ground "cannot by making excavations or fills on his own land so obstruct the natural channels thereon as to discharge in unusual and hurtful quantities the surface water on the land of the adjoining proprietor." In Rutherford v. L & N Railroad Company, Ky., 243 S.W.2d 1017 (1951) we said liability exists:

" * * * if the latter unreasonably changes the natural course of the water or causes it to collect and be cast upon the lower estate in unnatural volume or in an unusual or swift stream, or if he diverts water from the ordinary channels and casts it upon a lower estate at a point which would not have been its natural destination; or if he collects in one channel waters usually flowing onto his neighbor's land by several channels and thereby increases the flow on the lower ground. 56 Am.Jur., Waters, Section 71; Stone v. Ashurst, 285 Ky. 687, 149 S.W.2d 4; Gott v. Franklin, 307 Ky. 466, 211 S.W.2d 680."

For other cases discussing these and similar principles see Louisville & N. R. Co. v. Stephens, 188 Ky. 1, 220 S.W. 746 (1920); Steinke v. North Vernon Lumber Co., 190 Ky. 231, 227 S.W. 274 (1921); Stone v. Ashurst, 285 Ky. 687, 149 S.W.2d 4 (1941); Gott v. Franklin, 307 Ky. 466, 211 S.W.2d 680 (1948); Wallace v. Schneider, 310 Ky. 17, 219 S.W.2d 977 (1949); Louisville & N. R. Co. v. Bush, Ky., 336 S.W.2d 578 (1960); Com., Dept. of Highways v. Roundtree, Ky., 372 S.W.2d 804 (1963) and Cissell v. Grimes Investments, Inc., Ky., 383 S.W.2d 128 (1964).

█ It is contended that the verdict of $4,500.00 is excessive. Robbins paid $9,000.00 for the property in 1963. A real estate broker stated that the value of property had gone up and that before the highway was constructed the Robbins' property was worth $12,000.00 but that "with the water conditions that resulted from the construction of the highway" the value was reduced fifty percent, about $6,000.00. The Department presented a witness who had appraised the Robbins' property before the suit was filed to acquire the strip off of the rear for construction of the highway. He said that the worth was then $10,500.00; that the construction of the highway had enhanced the value to $12,500.00 but he was not asked if there was water on the land when he saw it or if he had ever seen water there. The real estate is of substantial value. "The measure of damages is the same as in condemnation cases." A. V. Witbeck v. Big River Rural Elec. Coop. Corp., Ky., 412 S.W.2d 265 (1967). We are unable to conclude at "first blush" that the verdict is excessive, and that is the test. Cole & Crane v. May, 185 Ky. 135, 214 S.W. 885 (1919); Consolidated Coach Corp. v. Hopkins, 228 Ky. 184, 14 S.W.2d 768 (1929); Dinsmore v. Baird, Ky., 325 S.W. 2d 308 (1959).

█ In its reply brief, for the first time the Department argues that the action was not properly brought in the circuit court but should have been instituted before the Board of Claims. KRS 44.070. At no time in the trial court did the Department ever

question the jurisdiction either by pleading or motion. Generally we will not consider matters not raised in the circuit court but we deem it appropriate to state that in Com., Dept. of Highways v. Gisborne, Ky., 391 S.W.2d 714 (1965) we said:

> "Therefore, since we conclude this was a condemnation proceeding in essence, or the acts of the Department constituted what is sometimes called a condemnation in reverse, the proper forum for court action was in the county where the land lay, namely, in Hardin County. See KRS 177.082."

The other defenses raised in the answer were not asserted in this court.

The judgment is affirmed.

All concur.