**Arthur MAZE et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Dec. 11, 1970.

Elwood Rosenbaum, Rosenbaum & Smith, Lexington, for appellants.

Don Duff, Phillip K. Wicker, Dept. of Highways, Frankfort, Jarvis Allen, Dept. of Highways, Pikeville, for appellee.

STEINFELD, Judge.

Arthur and Christine Maze owned farmland in Bath County. For the construction of Interstate Highway I64 the Kentucky Department of Highways brought a condemnation action in the county court to acquire part of their land. After appeals to the circuit court an agreed judgment was entered pursuant to which the Mazes received about $375 per acre, a total of $40,000, and on August 16, 1965, they conveyed the condemned land to the Commonwealth. It was partly used for the right-of-way of the limited-access highway, access roads to and from it and to relocate a county road. After the construction the unused remainder was divided into two tracts, one containing 5.8 acres and the other 3.6 acres, respectively tract A and tract B.

On January 6, 1969, the Mazes filed a complaint in the Bath Circuit Court against the Commonwealth alleging that part of the land taken in the earlier proceedings was not used for "public right-of-way purposes." They charged that the maintenance of the unused tracts is an unwarranted use of public funds. As an alternative, they stated that there was a mutual mistake between the parties when the land was conveyed in that both grantors and grantees were without knowledge that the land would not be put to public use. They demanded that the deed conveying the land to the Department be reformed, "thereby resulting in these Plaintiffs being placed in possession of and with title to the tracts of land * * *" upon their making refund of any consideration received for the land. Mazes also filed a motion pursuant to CR 60.02 requesting the court to set aside the final order and judgment in the condemnation proceedings (now consolidated with and made a part of the record of this appeal). Upon motion of the Commonwealth the circuit court dismissed the complaint and overruled the motion to set aside the earlier judgment. It permitted plaintiffs below to take proof by avowal. Mazes appeal—we affirm.

The issues presented by the Mazes on appeal are (1) that the Highway Department had no legal right to take their property as it was not taken for "Public Use", (2) that the action of the lower court in dismissing their motion and complaint was a denial of "Due Process of Law" under the Constitutions of the United States and Kentucky, (3) that error was committed in dismissing the complaint based on "res judicata" when no such defense was pleaded, (4) that the lower court erred in overruling the motion to set aside the judgment of the earlier proceeding, and (5) that the appellee's defense of governmental immunity has no application in this case and hence is not a bar to the action.

Relying upon Lehman v. Williams, 301 Ky. 729, 193 S.W.2d 161 (1946), the appellants take the position that this is a "reverse condemnation" action. In Lehman it was held that where the Commonwealth takes property for public purposes without compensation the owners may proceed against the Commonwealth for recovery. Cf. Com., Dept. of Highways v. Robbins, Ky., 421 S.W.2d 820 (1967). The Mazes argue that the same rule must apply where property is taken but not for a public use. They note that section 13 of the Kentucky Constitution provides in part: "No person shall for the same offense be twice put in jeopardy of his life or limb nor shall any man's property be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him." They insist that this constitutional section prevents the Commonwealth from taking land not needed for public purposes and that part of the Maze property was taken not for public use. Consequently, they argue, the court should not have dismissed their complaint or overruled their motion to reopen the condemnation proceedings. They say that the uncontradicted evidence shows that an area referred to as tract B was not used for public purposes and that since the highway was constructed the Commonwealth has offered to sell it to them. They also stated

that had they been permitted by the lower court to fully develop the facts the proof would be the same with respect to tract A.

In response the Commonwealth relies on Com., Dept. of Highways v. Vandertoll, Ky., 388 S.W.2d 358 (1964), wherein the Commonwealth sought to condemn an entire tract of land owned by Vandertoll. The owner claimed that all of the land was not needed for the construction of the interstate highway but we said:

"KRS 177.081 states, in part: ' * * * [T]he condemnor's decision as to the necessity for taking the property will not be disturbed in the absence of fraud, bad faith, or abuse of discretion.' Commonwealth, Dept. of Highways v. Burchett, Ky., 1963, 367 S.W.2d 262, in discussing this statutory provision, held that when the department of highways by official order determines that an acquisition is necessary a condemnee, in order to defeat such an acquisition, has the burden of proving fraud, bad faith, or abuse of discretion.

"Here, appellant proved that plans for the highway are not 'finalized.' Commissioner of Highways, Henry Ward, testified the land would be used for a roadside park and rest area and that a pedestrian crosswalk is contemplated at this site. He stated that the department of highways wishes to preserve, as far as possible, the parklike atmosphere of the area, for the reason that it is situated next to Seneca Park. He also mentioned that the median strip of the travel portion of the highway might be extended from the usual 45 feet to 60 feet."

* * * * * *

"In the case at hand, appellees failed to establish even a scintilla of fraud, bad faith, or abuse of discretion upon the part of appellant in its proceeding to condemn appellees' tract of land. It follows that the finding of the trial court was clearly erroneous under CR 52.01 in determining that necessity did not exist for taking the entire acreage."

The avowal testimony here shows that an assistant state highway engineer who was called on behalf of Mazes testified that the Mazes' land in question was acquired " * * * to accommodate the relocation of the Peasticks Road"; and " * * * for drainage, filling the old creek and cutting a ditch across there from the pipe under the ramp and then site grading and beautifying it"; that the department did not acquire quite as much land at this interchange as it normally does and which it considers desirable. He said that this land was acquired " * * * in an effort to preserve capacity"; that this was done " * * * as a part of the entire interchange area" because "The plans call for site grading and landscaping and drainage, grading this to drain, the general area." He also stated, with respect to tract B, "We are now preparing landscaping and beautification plans and to have access for maintenance to maintain that area." Also "We designed this interchange for twenty years projected traffic. There's a lot of thinking in the department that maybe this (Highway U.S.) 60 might have to be four lanes at some time and in the event that happens this land would be available without having to buy it again." He testified that the land was for beautification and as a safety factor providing an open view for cars leaving the interstate and going into U.S. 60. He also said that on the other side, where tract A is located the same thing would be true with the one difference that there is located an on ramp as distinguished from an exit ramp. He declared that the 3.6 acres of tract B is not surplus, and that the 5.8 acre tract A was being retained to maintain the new channel of the creek and the ditch across the area. He admitted, however, that the Commonwealth had an easement for that purpose and that with such easement this maintenance program could be continued even though the property was privately owned. He also admitted that private ownership might not affect the safety of the traveling public although he found some objection to its development privately.

Accepting the statement made by appellants that if the " * * * lower court permitted the case to be tried essentially the same facts would be sought as to * * *" both tracts, it appears to us that the rationale of Com., Dept. of Highways v. Vandertoll, supra, applies. The trial court's reasons for refusal to open the first case and its dismissal of the second suit become insignificant as the correct conclusion was reached. Stathis v. Farmers Bank & Capital Trust Co., Ky., 444 S.W.2d 112 (1969).

The Mazes contend that the Department of Highways has declared tract B as surplus and that Mr. Maze has negotiated with the Commissioner of Highways to repurchase it. He testified that it had been appraised at the behest of the department and that the commissioner had offered to sell it to him for $65,000 when it had acquired the land for approximately $1,350. He argues that the Commonwealth has no right to be so enriched. A similar contention was made in Com., Dept. of Highways v. Burchett and Bingham, Ky., 367 S.W.2d 262 (1963), wherein we said "And if it be conceded that when the immediate purpose of the acquisition has been completed the state will be the owner of a valuable piece of property, so what? Is long-range planning by a governmental agency charged with the expenditure of astronomical sums of money to be regarded as against the public interest? Is the possibility that it may contemplate getting further use out of the property evidence of bad faith? On the question of 'public necessity,' is the highway department to be denied the exercise of prudence and foresight? Surely the answer is self-evident." There we held that absent a showing that " * * * there is such a clear and gross abuse of that discretion as to offend the guaranty of Const. § 2 against the exercise of arbitrary power" the judicial power of government should not be invoked. It is our opinion that this case is governed by the principles announced in Com., Dept. of Highways v. Vandertoll,

supra, and Com., Dept. of Highways v. Burchett and Bingham, supra.

Being convinced by the avowal testimony that the Mazes could not be sustained on the merits it is unnecessary for us to pass on the other errors claimed.

The judgment is affirmed.

All concur.